**UNITED STATES of America,**
**Appellee,**

v.

**Horace Edward WILLIAMS, Appellant.**

**No. 19540.**

United States Court of Appeals,
Eighth Circuit.

Feb. 9, 1970.

Harvey L. Zuckman, St. Louis, Mo., for appellant.

William C. Martin, Asst. U. S. Atty., St. Louis, Mo., for appellee; James E. Reeves, U. S. Atty., St. Louis, Mo., on the brief.

Before MATTHES, GIBSON and BRIGHT, Circuit Judges.

PER CURIAM.

This is a timely appeal from a judgment of conviction on two counts of narcotic violations, entered on November 21, 1968, in the United States District Court for the Eastern District of Missouri.[1] The first count of the grand jury indictment charged appellant with the *purchase*, from person or persons and at a price unknown, of a quantity of heroin, 59 milligrams more or less, which was not in its original stamped package, in violation of 26 U.S.C. § 4704(a). The second count charged appellant with *selling* a quantity of heroin, 59 milligrams more or less, to a specifically named person, not in pursuance of a written order of that person on a Treasury form issued for that purpose, in violation of § 2 of the Harrison Narcotics Act, 26 U.S.C. § 4705(a). Appellant was sentenced to 8 years imprisonment on each count, the terms to run concurrently.

On this appeal, appellant contends that both § 4704(a) and § 4705(a) of Title 26, United States Code, are violative of the Fifth Amendment privilege against self-incrimination, and that § 4704(a) is otherwise constitutionally infirm as being beyond the pale of congressional power to regulate and as irrationally presuming illegal purchase of narcotics upon proof of possession only, thereby violating due process of law. Between the time of submission of this case and our decision today, the Supreme Court spoke to the very issues presented here. Suffice it to say that both statutes

---

[1] Judgment of conviction was originally entered on May 1, 1964. After denial of a motion for new trial, Williams' court-appointed counsel abandoned him, and an appeal from his conviction was not timely filed. Williams then sought to challenge his conviction pursuant to 28 U.S.C. § 2255. The district court denied his application. We appointed counsel to represent Williams, considered his application, and remanded his case to the district court with instructions to vacate the May 1 sentence and to resentence Williams. Williams v. United States, 402 F.2d 548 (8th Cir. 1968). It did so, and this appeal is from that judgment.

were held valid and not subject to any constitutional infirmities. Turner v. United States, 396 U.S. 398, 90 S.Ct. 642. 24 L.Ed.2d 610 (January 20, 1970); Minor v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283 (December 8, 1969). See also United States v. Crockett (8th Cir. 1970). These decisions are dispositive of appellant's challenges and require no expansion on our part.

Appellant also contends, as stated in his brief, that his "right to a fair trial was violated as a result of the district court's refusal to permit defense counsel to establish discriminatory jury selection practice after he demonstrated the economic and racial imbalance of the panel from which appellant's jurors were chosen." For reasons hereafter stated, we find no violation of due process amounting to a denial of a fair trial.[2]

On the morning of April 27, 1964, the date of trial, after announcing ready, court-appointed counsel orally moved for a new jury panel on the ground that Negroes and appellant's "peers"[3] were excluded from the particular jury panel which had assembled and was awaiting appellant's trial, and upon the further allegation that both such classes were systematically excluded from other jury panels in the court's jurisdiction. Upon inquiry by the court as to his proof, counsel relied exclusively upon a list of the 33 persons constituting the petit jury panel for the district court at that time. This list included the address and a cursory reference to each prospective juror's occupation and, according to appellant's counsel, showed that only supervisors and executives were included. Appellant's counsel further stated that no Negroes were included on the panel. He requested permission to bring in the Jury Commissioner for the Eastern District of Missouri in order to examine him as to his methods for choosing the particular jury panel in question.

The district court denied appellant's motion and request, stating that such a motion "should have been filed long before now" and was simply too late. In addition, the court stated that the jury selection procedures in the Eastern District of Missouri had been carefully scrutinized on prior occasions and found to be proper, that it believed a few Negroes were on the particular jury panel under attack, and that allowing a complete re-examination of the jury selection procedures would only create another lengthy delay in a trial already unduly delayed.

Appellant acknowledges that he had the burden of establishing a prima facie showing of discrimination in selection of the jury array. We have so held. Hansen v. United States, 393 F.2d 763, 768 (8th Cir.), cert. denied, 393 U.S. 833, 89 S.Ct. 103, 21 L.Ed.2d 103 (1968); Bailey v. Henslee, 287 F.2d 936, 942 (8th Cir.), cert. denied, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961). "That burden is not met by generalizations, unsupported by specific proof * * *." Pope v. United States, 372 F.2d 710, 723 (8th Cir. 1967), vacated on other grounds, 392 U.S. 651, 88 S.Ct. 2145, 20 L.Ed.2d 1317 (1968). The proof proffered by appellant in this case was simply too vague and nebulous to rise to the dignity of a prima facie showing. Appellant was not constitutionally entitled to have either a Negro or one of his "peers" on his petit jury panel; rather, he was constitutionally entitled to a jury array which had been *selected* from a cross-section of the eligible persons in the community at large without systematic and intentional exclusion or discrimination as to racial, religious, po-

---

2. We are constrained to note that the government's brief is singularly unhelpful on this issue. The government has not referred us to any cases. Instead, it relies upon Judge Harper's lengthy extemporaneous explanation for his denial of appellant's motion.

3. Appellant, a Negro, was described in his counsel's peroration to the challenging motion as being "uneducated" and "from a culturally deprived social economy."

litical, economic, geographical or social status. Thiel v. Southern Pacific Co., 328 U.S. 217, 220, 66 S.Ct. 984, 90 L.Ed. 1181 (1946); Hansen v. United States, *supra*, 393 F.2d at 766. Appellant's burden was to show that the *selection process* was discriminatory and even positive proof that one particular product of that process, *i. e.*, one jury panel does not represent a cross-section of the larger popular community cannot establish a discriminatory process, unless compounded with *additional* probative proof that a more than coincidental number of previous panels were similarly constituted. We have no such proof here.

 Appellant asserts, however, that any failing in his proof of jury selection discrimination was created by the district court's unfair denial of his request to interrogate the Jury Commissioner. We hold that the district court did not err in this regard. Appellant's trial was originally set for April 9, 1964. On that date, the district court was prepared to try appellant's case, the assistant United States Attorney and appellant's court-appointed counsel were present, and a jury panel was assembled in the court room. However, the assistant United States Attorney informed the court that the appellant had escaped from confinement the previous evening and was still at large. Thereupon, the court excused the jury panel and reset the trial date for three weeks hence—April 27—with the concurrence of appellant's counsel. On April 9, then, the record clearly indicates that appellant's counsel—appointed by the court on March 20—had actually *seen* all of the persons who would constitute appellant's petit jury panel three weeks later. But, the challenge to the panel was raised orally *and for the first time* just a few moments prior to appellant's trial on April 27.

 We have held in several decisions that the right to challenge the jury panel may be waived and is waived if not seasonably presented. Fabian v. United States, 358 F.2d 187, 191 (8th Cir.), *cert. denied*, 385 U.S. 821, 87 S.Ct. 46,

17 L.Ed.2d 58 (1966); Batsell v. United States, 217 F.2d 257, 260 (8th Cir. 1954); Carruthers v. Reed, 102 F.2d 933, 939 (8th Cir.), *cert. denied*, 307 U.S. 643, 59 S.Ct. 1047, 83 L.Ed. 1523 (1939). See also United States v. Hoffa, 349 F.2d 20, 49–50 (6th Cir. 1965), *aff'd* 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966); United States v. Baker, 266 F.Supp. 461, 464 (D.Md.1966), *remanded on other grounds*, 131 U.S.App.D.C. 7, 401 F.2d 958 (1968); Fed.R.Crim.P. 12(b) (2). Appellant's tardiness in asserting his challenge amounts to a waiver of that right in the instant case. The record here leads us to believe that this dilatory challenge was simply a fishing expedition on the part of appellant's counsel, a diversionary tactic designed to obtain yet another delay in appellant's trial. Appellant's right to a fair trial was not in any respect prejudiced by the denial of this motion.

Affirmed.