**UNITED STATES of America,
Appellee,**

v.

**Willie McINTYRE and Clifton Franklin,
Appellants.**

**No. 72–1186.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 15, 1972.

Decided Oct. 4, 1972.

Certiorari Denied Jan. 22, 1973.
See 93 S.Ct. 972.

Glenn K. Robbins, St. Louis, Mo., for McIntyre.

Edwin Rader, Clayton, Mo., for Franklin.

Daniel Bartlett, Jr., U. S. Atty., and John A. Newton, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before MATTHES, Chief Judge and LAY and HEANEY, Circuit Judges.

LAY, Circuit Judge.

Defendants Willie McIntyre and Clifton Franklin appeal their conviction of theft from an interstate motortruck shipment in violation of 18 U.S.C. § 659. Grounds of appeal asserted are (1) insufficiency of the evidence to sustain the convictions, (2) discrimination in selection of the jury panel because of the absence of members of the defendants' race (Negro) on the panel, (3) insufficient evidence that the property stolen was in excess of $100, and (4) denial of legal counsel at the time of police and FBI interrogations. Upon review of the entire record we find no merit to these contentions and affirm the convictions.

On January 10, 1972, at approximately 12:45 a. m. in St. Louis, Missouri, two security guards observed two individuals, whom they identified as the defendants, removing a case of whiskey from a truck trailer parked at the Eazor Express Company terminal. The case was transferred to a dock and placed alongside seven other cases. The security guards testified that they ordered the men to halt. The two men then fled past the guards' vehicle, entered their own automobile and were chased at high speeds to an area called "Produce Row." Defendant McIntyre ran from the car and was apprehended two blocks away. Franklin was arrested as he stepped from the car. Both men testified at trial and denied their presence at the scene of the theft. McIntyre denied that he was with Franklin that evening, except to see him at "Produce Row," and he testified that he was in "Produce

Row" at the time of his arrest looking for employment. Franklin likewise claimed that he was in "Produce Row" seeking employment when arrested.

■ The credibility of the government's evidence is attacked on various grounds, however all conflicts in the evidence are to be resolved by the trier of fact. In United States v. May, 419 F.2d 553, 555 (8 Cir. 1969), where strikingly similar facts existed and where the government's evidence was alleged to be a "morass of incredibility," we observed:

"A reviewing court may only direct a motion for acquittal on the sufficiency of the evidence when (1) it may be said as a matter of law that there exists no evidence of guilt whatsoever upon the record or (2) where there exists no substantial evidence from which reasonable men may say that the defendant is guilty beyond a reasonable doubt."

In the present case we would be hard pressed to say that substantial evidence of defendants' guilt did not appear on the record.[1]

■ The defendants challenge the jury array although no objection was made at trial. This contention is denied under the authority of United States v. Williams, 421 F.2d 529, 532 (8 Cir. 1970). The court in *Williams* observed:

"Appellant acknowledges that he had the burden of establishing a prima facie showing of discrimination in selection of the jury array. We have so held. [cases omitted] 'That burden is not met by generalizations, unsupported by specific proof * * *.' [cases omitted] . . . Appellant was not constitutionally entitled to have either a Negro or one of his 'peers' on his petit jury panel; rather, he was constitutionally entitled to a jury array which had been *selected* from a cross-section of the eligible persons in the community at large without systematic and intentional exclusion or discrimination as to racial, religious, political, economic, geographical or social status. [cases omitted] Appellant's burden was to show that the *selection process* was discriminatory and even positive proof

---

1. The defendants made a motion for acquittal at the close of the government's case which was overruled; they then failed to renew their motion for acquittal at the close of all of the evidence. The government argues that the defendants, by offering evidence themselves, have waived their right to challenge the sufficiency of the evidence on appeal. This court has given lip service to this waiver doctrine in previous cases. See United States v. Edwards, 443 F.2d 1286, 1295 (8 Cir. 1971), cert. denied, 404 U.S. 944, 92 S.Ct. 295, 30 L.Ed.2d 259; Cline v. United States, 395 F.2d 138, 144 (8 Cir. 1968); Hiatt v. United States, 384 F.2d 675, 676 (8 Cir. 1967), cert. denied, 390 U.S. 998, 88 S.Ct. 1203, 20 L.Ed.2d 97 (1968), and cases cited therein. Rather than rely on this waiver theory we have chosen to review all of the evidence and pass on the sufficiency of it to sustain the conviction. In any event, the plain error doctrine, Fed.R.Crim.P. 52(b), would undoubtedly apply in any case where evidence is lacking to support a conviction since under those circumstances it would clearly affect the substantial rights of the defendants. See Silber v. United States, 370 U.S. 717, 718, 82 S.Ct. 1287, 8 L.Ed.2d 798 (1962); cf. Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960). This fact alone reduces the waiver doctrine to one of judicial convenience rather than one of legal logic. This waiver doctrine has received considerable criticism. See Cephus v. United States, 117 U.S.App.D.C. 15, 324 F.2d 893, 895–897 (1963); 8 Moore, Federal Practice ¶ 29.05 (2d ed. 1972); 2 Wright, Federal Practice & Procedure ¶ 463, at 246–248 (1969); Comment, The Motion for Acquittal: A Neglected Safeguard, 70 Yale L.J. 1151 (1961). Moreover, unless trial strategy may be involved, waiver of a basic constitutional right, as the right to be convicted only by evidence which proves guilt beyond a reasonable doubt, would seem to require a defendant's consent to his attorney's abandonment of the right. Compare Henry v. Mississippi, 379 U.S. 443, 451–452, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965); Fay v. Noia, 372 U.S. 391, 438–439, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

that one particular product of that process, *i. e.*, one jury panel does not represent a cross-section of the larger popular community cannot establish a discriminatory process, unless compounded with *additional* probative proof that a more than coincidental number of previous panels were similarly constituted." United States v. Williams, supra at 531–532.

The defendants have failed to meet their burden.

■ Defendants attack the government's proof that the value of the whiskey stolen exceeded $100. Defendants claim they were seen removing only one case which was valued at $34.75. This specious objection overlooks the fact that the defendant Franklin was seen placing this case on the dock with seven others. The jury had a right to infer that defendants were responsible for the theft of all eight. See generally, United States v. May, 419 F.2d 553, 555 (8 Cir. 1969).

■ Defendants' final contention relates to the question of waiver of counsel at the time of the initial police and FBI interrogation. The trial court conducted a hearing outside the presence of the jury and found that both defendants had voluntarily waived counsel prior to any interrogation. Both signed waiver forms to this effect. Franklin acknowledged this at trial. McIntyre voluntarily answered questions although he preliminarily said that he did not wish to make a statement. The only oral statement offered during the trial was that of McIntyre. The statement was not incriminating, although it was presented in rebuttal as inconsistent with his previous testimony. Even assuming that McIntyre's *Miranda* rights were violated, any statements offered for impeachment purposes are generally admissible under the authority of Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L. Ed.2d 1 (1971).

Judgment affirmed.