## STATE of Maine

### v.

### Lawrence M. GAMAGE.

Supreme Judicial Court of Maine.

March 6, 1973.

Galen P. LaGassey, County Atty., Rockland, for plaintiff.

Domenic P. Cuccinello, Thomaston, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

WEBBER, Justice.

The defendant Gamage was convicted by a jury of an attempt to break and enter with intent to commit larceny. Being indigent, he was aided in his prosecution of this appeal by court appointed counsel.

■ Defendant seasonably filed notice of appeal with a request that counsel be appointed to represent him on appeal and that a transcript of the record be prepared. The Justice below entered an order in these terms, "Hearing had. Court finds Motion frivolous, not in good faith and intended for delay. *Appeal denied."* (Emphasis ours). Although the issue is not now before us, the error having been rectified by a Justice of the Supreme Judicial Court acting pursuant to M.R.Crim.P., Rule 39A, we take this opportunity to emphasize that the Superior Court is without authority to *deny* an appeal to the Law Court for any reason whatever. Authority to *dismiss* an appeal is limited to those cases where appeals are not prosecuted in conformity to Rule requirements.

The appellant places primary reliance on his claim that the verdict was contrary to the weight of the evidence. Neither a motion for a new trial nor a motion for judgment of acquittal was addressed to the Court below. Under similar circumstances we held in State v. Pullen (1970–Me.) 266 A.2d 222, 229 that "it was incumbent upon (the appellant) to lay the foundation for

such appellate relief by filing at trial level either a motion for acquittal under Rule 29, M.R.Crim.P., or a motion for new trial under Rule 33." We concluded that, "In this posture of the case, the sufficiency of the evidence to support the verdict is not before us."

◼ Mindful of the uncertainty suggested in State v. Morton (1972–Me.) 290 A.2d 371, 373 (Footnote 2) we have carefully reviewed the policy considerations underlying the review requirements imposed by State v. Rowe (1968–Me.) 238 A.2d 217 and State v. Pullen, supra. In view of the fact that Rule 29(b) permits the making of a motion for judgment of acquittal within ten days *after* jury verdict or disagreement, which period may be further extended by the trial court, we conclude that it is not unreasonable to require that the trial court be first afforded an opportunity to take corrective action. We therefore reaffirm *Rowe* and *Pullen* and hold that, except in exceptional circumstances and to prevent manifest injustice, we will decline to treat the issue as raised unless the "foundation" has been properly laid at trial level.

◼ In order to suggest the futility of any subsequent collateral attack based upon the failure of counsel to make either or both of these motions, we add the same dictum which was included in *Pullen*. "However, upon consideration of the whole evidence, we may add that the jury was warranted in believing beyond a reasonable doubt that the defendant was guilty as the jury did find." The evidence presented factual issues most appropriate for jury determination.

◼ The appellant contends that the arresting officers failed to give him the "warnings" required by Miranda v. Arizona (1966) 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Appellant fails, however, to relate the *Miranda* rule to anything that occurred in the course of this trial. *Miranda* was designed to protect the rights

of a person subjected to "in-custody interrogation" and its prescribed "warnings" were stated to be "prerequisites to the admissibility of any statement made by a defendant." In the instant case the issue never arose since the State offered no evidence of any statement made by this appellant.

Appeal denied.