**STATE of Maine**

v.

**Charles GILES, Jr.**

Supreme Judicial Court of Maine.

Nov. 19, 1976.

David M. Cox, Dist. Atty., James R. Austin, Asst. Dist. Atty., Dover-Foxcroft, for plaintiff.

Edgerly & Shook by Stephen H. Shook, Milo, for defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

DELAHANTY, Justice.

The defendant, Charles Giles, Jr., prosecutes this appeal from the judgment of conviction of oral threat, not high and aggravated, entered following his trial before a jury on an indictment charging the offense in terms of oral threat "high and aggravated." [1]

At the close of the State's case in chief, the defendant made a motion for judgment of acquittal based upon insufficiency of the evidence. The motion was denied and the defendant proceeded to call witnesses and present his defense. By introducing evidence on his own behalf, the defendant abandoned his motion for acquittal at the close of the State's evidence. *State v. Hanson*, Me., 331 A.2d 375, 376 (1975). The defendant omitted thereafter to renew his motion for judgment of acquittal pursuant to Me.R.Crim.P. 29, neither did he file a motion for a new trial under Me.R.Crim.P. 33.

Failing, thus, to preserve his Rule 29 and Rule 33 rights for appellate review, the sole avenue taken by the defendant on appeal before this Court relies upon insufficient evidence to support his conviction. We have repeatedly stated that when an appellant places primary reliance on a claim that the verdict was contrary to the weight of the evidence, it is incumbent upon him to

1. 17 M.R.S.A. § 3701.

lay a proper foundation for appellate review by filing appropriate motions in a trial court. In the absence of such procedural device, we have concluded, under similar circumstances, that "the sufficiency of evidence to support the verdict is not before us." *State v. Gamage*, Me., 301 A.2d 347, 348 (1973) *quoting State v. Pullen*, Me., 266 A.2d 222, 229 (1970).

With like emphasis, we have said that "in practical terms, the *Gamage* principle does not preclude appellate scrutiny of the defendant's claim that the totality of evidence is insufficient to justify conviction since . . .

> the plain error doctrine, . . . would undoubtedly apply in any case where evidence is lacking to support a conviction . . . circumstances . . . clearly affect[ing] the substantial rights of [a defendant]." *Hanson, supra* at 378 *quoting United States v. McIntyre*, 467 F.2d 274 (8th Cir. 1972), cert. denied, 410 U.S. 911, 93 S.Ct. 972, 35 L.Ed.2d 274 (1973).

 Consistent with the procedural deficiency, the defendant on appeal argues only "that the context of circumstances in this case does not . . . support a conviction . . . ." Consequently, insofar as the defendant's contention addressed to the sufficiency of evidence is concerned, our determination on review must be made in light of all of the evidence. *Hanson, supra; Gamage, supra.* And in resolving the issue concerning the sufficiency of evidence to sustain defendant's conviction, we must view the evidence together with all reasonable inferences which may be drawn therefrom in the light most favorable to the State.

 The defendant's challenge to the sufficiency of the evidence rests principally upon the claim that the threat,[2] embodying a profane imprecation and addressed directly to the complaining witness, was justified under the existing circumstances.[3] With this claim we disagree.

The totality of the evidence presented to the trial jury plain questions of fact. The evidentiary fabric offered no exceptional circumstances. As this Court observed in *State v. Lizotte,* Me., 256 A.2d 439 (1969):

> "We do not ask whether or not this defendant succeeded in frightening a police officer. We ask only whether or not he used words which would under the circumstances then existing be heard by an ordinary person as being spoken not in jest but as carrying the serious promise of death." *Id.* at 442; *accord, State v. Hotham,* Me., 307 A.2d 185 (1973).

As we scrutinize the evidence in the context of "manifest injustice—serious error",[4] there can be but one conclusion: the evidence is patently sufficient to warrant a jury verdict of guilt.

The entry must be:

Appeal denied.

All Justices concurring.

---

2. "I'll go home and get my gun and blow your f.....g head off."

3. Defendant argues that he lost his temper when the victim refused to apologize for allegedly spreading rumors about the defendant's live-in housekeeper.

4. Me.R.Crim.P. 52(b) provides:

(b) Obvious Error. Obvious errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.