STATE of Maine

v.

Wilmont MORGAN.

Supreme Judicial Court of Maine.

Nov. 10, 1977.

Henry N. Berry, III, Dist. Atty., Peter G. Ballou, Deputy Dist. Atty., Jeffrey Albanese, Law Student, Portland, for plaintiff.

Ellsworth T. Rundlett, III, Franklin F. Stearns, Jr., Portland, for defendant.

Before POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

ARCHIBALD, Justice.

Wilmont Morgan was charged by indictment with the Class A crime of gross sexual misconduct in violation of 17–A M.R.S.A. § 253(1)(B), which provides:

"A person is guilty of gross sexual misconduct

1. If he engages in a sexual act with another person, not his spouse, and

. . . . .

B. The other person has not in fact attained his 14th birthday . . . ."

Morgan waived a jury trial. Rule 23(a), M.R.Crim.P. After a full hearing the single Justice found the defendant guilty, stating:

"THE COURT: This is obviously a matter of credibility and credibility only and this Court has been provided with no basis for evaluating the credibility of the witnesses. The young man appeared to tell a straight forward story and what the truthful story appeared to be. Nothing has been offered by way of impeachment to suggest there was any motive for falsification. Nothing has been presented to suggest or to indicate that this is as a result of any fantasy. In evaluating the young man's testimony I find it completely credible. Finding it completely credible, I have no choice but to find the defendant guilty of the offense of which he is charged."

The defendant seasonably appealed.

We deny the appeal.

## I

■ The appellant's first point alleges reversible error in refusing to grant a motion for acquittal at the close of the State's case. Appellant, by calling two defense witnesses and by testifying in his own defense, is deemed to have waived the issue of the sufficiency of the State's prima facie case. *State v. Hanson,* 331 A.2d 375, 376 (Me.1975), cited with approval in *State v. Giles,* 365 A.2d 1027 (Me.1976). This point is without merit.

## II

The appellant next argues that "the verdict is contrary to the weight of the evidence because the testimony of the chief complaining witness is insufficient to prove guilt of the defendant beyond a reasonable doubt."

■ On appeal from judgments based on jury verdicts such a claim as here made is reviewable, except to prevent manifest miscarriage of justice, only if a proper foundation has been established, namely, by seasonably filing either a motion for acquittal under Rule 29(a) or (b), M.R.Crim.P., or a motion for a new trial under Rule 33, M.R. Crim.P. *State v. Giles, supra; State v. Hanson, supra; State v. Gamage,* 301 A.2d 347 (Me.1973).

Does the rule so well established by the above cited cases apply to *jury waived* trials? Since the appellant made no post judgment motions and appealed only from the judgment, we must answer this preliminary question.

There are several reasons for the rule found in *Giles* and *Gamage* and many cases similar thereto. One of the most compelling is that the availability of such motions in jury trials gives a criminal defendant protection against an improper or an irrational verdict by a jury. After a guilty verdict and entry of judgment thereon, the right to renew a previously made motion for judgment of acquittal accords a criminal defendant a procedural tool of obvious protective benefit. The Justice presiding is in the favorable position of evaluating the atmosphere of the trial and appraising the reliability of the testimony since he both hears and sees the live witnesses. In ruling on such a motion he stands in a unique position to prevent injustice. Thus, there is validity for requiring *in jury cases* a compliance with Rule 29.

Does the same rationale apply in jury waived cases?

Since Rule 29(a), M.R.Crim.P., tracks verbatim Rule 29(a), F.R.Crim.P., citation of authority is no longer required to support our right to look to federal precedent as an aid to interpreting our own rule.

With reference to Rule 29(a), F.R. Crim.P., we find this statement in 8A J. Moore, Moore's Federal Practice, Criminal Rules § 29.02:

"Rule 29 has no real application where a case is tried by the court since the plea of not guilty asks the court for a judgment of acquittal."

This statement finds full support in *United States v. Pitts,* 428 F.2d 534, 535 (5th Cir. 1970), and in *Hall v. United States,* 286 F.2d 676, 677 (5th Cir. 1960), *cert. denied,* 366 U.S. 910, 81 S.Ct. 1087, 6 L.Ed.2d 236 (1961).

Since Rule 29(a), M.R.Crim.P., mandates that the court

"on its own motion shall order the entry of judgment of acquittal . . . if the evidence is insufficient to sustain a conviction,"

there is little logic in jury waived cases in requiring of a defendant a formal motion for acquittal. If such a defendant was not asking for an acquittal, why would he plead not guilty, waive jury, and go through the trial procedure?

 We hold that a motion for judgment of acquittal in jury waived cases is not critical in preserving for appellate scrutiny the issue of the sufficiency of the evidence.

We now turn to the evidence.

If the complaining witness was competent and if his testimony was believed, the fact finder would be compelled to conclude that the appellant committed fellatio with an eight year old boy, an act clearly falling within the classification of "gross sexual misconduct."

The Justice below conducted a hearing on competency prior to administering the oath to the juvenile witness, afforded defense counsel an opportunity to cross-examine and, for the record, stated: "The Court finds that he is competent to testify."

Rule 601(a), (b), Maine Rules of Evidence, provides:

"(a) General rule of competency. Every person is competent to be a witness except as otherwise provided in these rules.

(b) Disqualification of witness; interpreters. A person is disqualified to be a witness if the court finds that (a) the proposed witness is incapable of expressing himself concerning the matter so as to be understood by the judge and jury either directly or through interpretation by one who can understand him, or (b) the proposed witness is incapable of understanding the duty of a witness to tell the truth. An interpreter is subject to all the provisions of these rules relating to witnesses."

The record discloses facts consistent with the accepted standards of competence as enumerated both in Rule 601(a), (b) and

in *State v. Ranger,* 149 Me. 52, 98 A.2d 652 (1953), which support the conclusion of the presiding Justice. For example, as a penalty for persons not telling the truth the eight year old boy believed "[t]hey get arrested." If he lied he said, "I would get a chain," meaning "I'd get handcuffed."

Appellant finalizes his argument on the premise that it was error to believe the young lad's testimony in face of the denial by the appellant. As we see it, this reduces itself to asking us to substitute our judgment on the weight to be accorded the testimony for that of the single Justice who both saw and heard the witnesses. Since the evidence was neither contradictory, unreasonable, nor incredible, our very recent holding in *State v. Gove,* 379 A.2d 152 (Me. 1977), compels us to reject this argument.

The entry is:

Appeal denied.

Judgment affirmed.

All Justices concur.