**STATE of Maine**

v.

**Dennis McNAMARA.**

Supreme Judicial Court of Maine.

Feb. 22, 1978.

---

Henry N. Berry, III, Dist. Atty., Peter G. Ballou (orally), Deputy Dist. Atty., Portland, for plaintiff.

Ricky L. Brunette (orally), Portland, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

ARCHIBALD, Justice.

Following a jury trial the defendant was convicted of rape. 17–A M.R.S.A. § 252(1)(B)(1).[1] On appeal he argued (1) insufficiency of the evidence, and (2) a prejudicial omission in the jury instructions.

▮ Since the defendant made no motion for judgment of acquittal when the evidence was closed (Rule 29(a), M.R.Crim.P.), nor a motion for judgment n.o.v. following the verdict of guilty (Rule 29(b), M.R.Crim. P.), and failed to file any motion for a new trial (Rule 33, M.R.Crim.P.), the issue of the sufficiency of the evidence is not reviewable. *State v. Gamage,* Me., 301 A.2d 347, 348 (1973). However, for the reason suggested in *Gamage* we again quote language from *State v. Pullen,* Me., 266 A.2d 222, 229–30 (1970):

"However, upon consideration of the whole evidence, we may add that the jury was warranted in believing beyond a reasonable doubt that the defendant was guilty as the jury did find."

*See also State v. McFarland,* Me., 369 A.2d 227 (1977).

▮ Defendant's second argument is that despite the lack of either a requested instruction or an objection to the instructions as given (Rule 30(b), M.R.Crim.P.), it was obvious error (Rule 52(b), M.R.Crim.P.) not to instruct the jury that the uncorroborated testimony of the victim of the alleged rape must be scrutinized and analyzed with great care.[2]

Our review of the record disposes of this argument for two reasons. First, the testimony of the prosecutrix, in numerous respects, was corroborated by other evidence including that adduced from the defendant on cross-examination. Secondly, although not using the word "corroborate," the Justice below did, in fact, use appropriate language to meet this objection. For example, the jury was told:

"You have a right, and you should consider any interest which a witness might have in the outcome of this litigation and *the extent to which, if at all, the witness is either supported or contradicted by*

---

1. "1. A person is guilty of rape if he engages in sexual intercourse:

   A. . . .

   B. With any person, not his spouse, and he compels such person to submit:

   (1) by force and against the person's will;

   . . . ."

2. The State has strenuously argued that this so-called Hale Instruction [Sir Matthew Hale, Lord Chief Justice of the Court of King's Bench, 1671–76] has lost its vitality, is based on a false premise, is a judicial invasion of jury prerogatives, and implies that a stricter test exists in weighing the credibility of the victim of a sex crime than is applied to other witnesses. For these reasons, the State argues, such an instruction should no longer be required, adopting our rationale in *State v. Pike,* Me., 306 A.2d 145 (1973), when we disapproved the "negative exclusion" test as applied to circumstantial evidence. As we have pointed out, the essence of the instruction was in fact given, although not required because the victim's testimony was not totally uncorroborated. Therefore, if we were to reach the State's argument, the result would be dictum.

*other evidence in the case.*" (Emphasis supplied.)

The entry is:

Appeal denied.

Judgment affirmed.

DELAHANTY, J., did not sit.