**STATE of Maine**

v.

**Bruce E. FOLEY.**

Supreme Judicial Court of Maine.

Oct. 27, 1978.

Henry N. Berry, III, Dist. Atty., Peter G. Ballou (orally), Deputy Dist. Atty., Glenn Robinson, Law Student, Portland, for plaintiff.

Franklin Stearns, Jr., Portland, Ellsworth T. Rundlett, III (orally), Portland, for defendant.

Before McKUSICK, C. J., and ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

PER CURIAM.

Defendant Bruce E. Foley appeals from a judgment of conviction entered upon a jury's verdict finding defendant guilty of rape in violation of 17–A M.R.S.A. § 252(1)(B) and of gross sexual misconduct in violation of 17–A M.R.S.A. § 253(1)(A).[1] The sole issue on appeal is whether the evidence was sufficient to support the jury's verdict.

We deny the appeal.

Both the prosecutrix and defendant agreed upon the following facts. Early in October 1977, the 29-year-old defendant invited the 23-year-old prosecutrix to an evening party at his apartment. The prosecutrix, a prior acquaintance of defendant, accepted the invitation. Unable to secure a sitter for her 13-month-old baby, she took the child along with her to the party. At about 11:30 p. m., the other guests departed, leaving the prosecutrix, her child, the defendant, and his roommate. The prosecutrix remained in the apartment through most of the night.

Defendant and the prosecutrix presented conflicting versions of what transpired between the time the other guests left the apartment and the prosecutrix's early morning departure. The prosecutrix testified that she decided to remain in defendant's apartment overnight after defendant promised that she and the child could sleep alone in defendant's bedroom while defendant and his roommate slept in the living room. In violation of this prior understanding, defendant crawled into bed with the prosecutrix, choked her, and threatened to harm her child unless she performed sexual intercourse and other sexual acts.

Fearing harm to herself and to her child, the prosecutrix submitted, performing repeated sexual acts, including fellatio, normal sexual intercourse, and anal intercourse. The prosecutrix also testified that defendant forced her to engage in fellatio and normal sexual intercourse with his roommate. When defendant finally fell asleep, the prosecutrix allegedly escaped from the apartment, clutching her child and covering herself with nothing but a baby blanket. She then sought refuge in the home of a cousin five blocks away and immediately called the police, who arrested Foley and his roommate.

Defendant claims that the prosecutrix offered to engage in various sexual acts with him in return for his promise to assault a former boyfriend of the prosecutrix who had abandoned her in favor of another woman. Defendant alleges that he initially agreed to the bargain but reneged immediately after engaging in sexual intercourse and fellatio with the prosecutrix. Defendant charges that the prosecutrix reported a rape to the police to gain revenge for his refusal to assault her former boyfriend.

◾ The issue presented is whether the evidence is sufficient to support the jury's verdict of guilty. As this court has previously stated in upholding a rape conviction against a similar attack, "[w]here a defendant challenges the sufficiency of the evidence which convicted him, even though it may rest upon the testimony of a single witness, our function is to determine whether there was credible evidence from which the jury would be justified in believing beyond a reasonable doubt that the defendant was guilty." *State v. McFarland,* Me., 369 A.2d 227, 229–30 (1977).

◾ Our examination of the record reveals ample evidence to support defendant's conviction. In addition to the testimony of the prosecutrix, the State presented the following corroborating evidence. (1) A physician who examined the prosecutrix shortly

1. Defendant was charged with one count of violating 17–A M.R.S.A. § 252(1)(B) (forcible rape) and two counts of gross sexual misconduct under 17–A M.R.S.A. § 253(1)(A) (oral and anal intercourse). The jury acquitted defendant of the anal intercourse charge.

after the alleged incident found bruise marks on her neck, redness in the vaginal area, and the presence of nonmotil sperm. (2) A cousin of the prosecutrix testified that the prosecutrix, clad only in a baby blanket, appeared at his door between 5:00 and 6:00 a. m., holding her baby and claiming that she had been raped. (3) And finally, the State presented photographs showing the state of disarray of defendant's apartment when the police went there to arrest Foley and his roommate; those photographs showed the prosecutrix's clothes strewn around on the floor of defendant's bedroom.

■ As we have noted in the past, even *in the absence of corroborating evidence,* the testimony of the prosecutrix is sufficient to support a rape conviction "unless testimony is either inherently improbable and incredible and does not meet the test of common sense . . . ." *Id.* at 229. Defendant asserts that it is incredible and improbable that "a female, having prior knowledge of a male's advances and interest in her would voluntarily[2] agreed to spend the night at his home after a party where marijuana smoking and drinking occurred, retire to bed in the male's apartment wearing a blouse that said 'if it feels good, do it,' allow the male to get into bed with her and then perform a variety of sexual acts over a substantial period of time without making more of an effort to resist those efforts or escape."

We cannot agree. While the prosecutrix may have been guilty of poor judgment, it is not "inherently improbable and incredible" that she would have elected to sleep overnight in defendant's apartment, relying upon his assurances that she would be left alone. Further, the prosecutrix testified that she initially resisted defendant and constantly attempted to dissuade him from pursuing his "scheme." Given the allegations that defendant choked her and threatened her child, the degree of resistance exercised by the prosecutrix does not render her testimony inherently incredible.

■ Finally, defendant notes that the jury failed to reach agreement concerning the charges against his roommate and found defendant not guilty of subjecting the prosecutrix to anal intercourse, and from those facts argues that:

"[T]he jury must have found the testimony of the prosecutrix unworthy of belief with respect to some of her story and especially with respect to the rape charged against the co-defendant [Foley's roommate]. The appellant submits that the Presiding Justice should have carried such doubt and disbelief one step further by concluding that her testimony was indeed incredible, unworthy of belief, and should have granted the motions for acquittal brought by the Defendant-Appellant."

Again, we must reject defendant's contention. The jury's acquittal of defendant on charges of anal intercourse may have reflected the fact that while the examining physician found redness in the vaginal area and the presence of nonmotil sperm, he discovered no physical evidence of sexual activity in the anal region. In any event, there is no steadfast rule that a jury must believe beyond a reasonable doubt all or none of a witness' testimony. *State v. McFarland, supra* at 229. The jury's failure to convict defendant on all counts against him or to reach agreement on the innocence or guilt of his roommate does not negate the jury's conviction of defendant for rape and gross sexual misconduct.

Accordingly, the entry must be:

Appeal denied.

Judgment affirmed.

POMEROY and WERNICK, JJ., did not sit.

---

**2.** We note that the jury found defendant guilty of rape, "Class B," and gross sexual misconduct, "Class B." Rape and gross sexual misconduct are Class A crimes, carrying a maximum penalty of 20 years imprisonment, 17–A M.R.S.A. § 1252(2)(A), unless the jury finds that the victim was a voluntary social companion at the time of the offense and had permitted the defendant sexual contact. 17–A M.R.S.A. §§ 252(3), 253(4). In such cases, the offense is reduced to a Class B crime, carrying a maximum penalty of 10 years imprisonment. 17–A M.R.S.A. § 1252(2)(B).