**STATE of Maine**

v.

**Alan D. POWELL.**

Supreme Judicial Court of Maine.

Jan. 19, 1979.

Joseph M. Jabar, Dist. Atty., Robert Daviau, Asst. Dist. Atty., Augusta (orally), for plaintiff.

Ronald L. Bishop, Waterville (orally), for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

PER CURIAM.

The Defendant, Alan D. Powell, appeals from a judgment of conviction entered upon a jury verdict returned in the Superior Court in Kennebec County on June 15, 1978, finding him guilty of rape in violation of 17–A M.R.S.A. § 252(1)(B) (Supp.1978). The issues on appeal are the sufficiency of the evidence to support that conviction and the admissibility of certain testimony, which he asserts to have been irrelevant.

We deny the appeal.

The testimony of the prosecutrix is sufficient in itself to support a conviction for rape unless it is inherently improbable and incredible and does not meet the test of common sense. *State v. Foley,* Me., 392 A.2d 1094, 1096 (1978); *State v. McFarland,* Me., 369 A.2d 227, 229 (1977). In the instant case the prosecutrix' testimony was sufficient to establish all the elements of this offense. Furthermore, it was supplemented and corroborated in several important respects by the testimony of other witnesses and by physical evidence. There was credible evidence from which the jury would be justified in believing beyond a reasonable doubt that the Defendant was guilty. *See State v. Foley, supra,* at 1095; *State v. McFarland, supra,* at 229–30 (1977). The verdict was supported by ample evidence.

 

As his second point, the Defendant urges that testimony tending to show he was in possession of a knife at the time of the rape was irrelevant and prejudicial. The prosecutrix' awareness of the Defendant's possession of the knife had considerable bearing on the issue of her consent. Less resistance would be expected from a victim who knew her assailant had such a weapon close at hand. The challenged evidence was not irrelevant.

The entry is:

Appeal denied.

Judgment affirmed.

DELAHANTY, J., did not sit.