**STATE of Maine**

v.

**Harry BESSEY.**

Supreme Judicial Court of Maine.

Argued Nov. 20, 1980.

Decided Dec. 9, 1980.

David W. Crook (orally), Dist. Atty., J. Michael Talbot, Asst. Dist. Atty., Skowhegan, for plaintiff.

Hunt & Alsop, John C. Hunt (orally), Skowhegan, for defendant.

Before McKUSICK, C. J., and WER-NICK, GODFREY, NICHOLS, GLASSMAN, ROBERTS and CARTER, JJ.

NICHOLS, Justice.

The Defendant, Harry Bessey, appeals from a judgment of conviction entered upon a jury verdict returned in the Superior Court, Somerset County, on April 15, 1980, finding him guilty of the rape of a five–year–old child at Fairfield in violation of 17–A M.R.S.A. § 252(1)(A) (Supp.1980).[1] The issues on appeal address the sufficiency of the evidence to support the Defendant's conviction and a requested jury instruction which he asserts was omitted to his prejudice.

We affirm the judgment of conviction.

Reviewing the evidence in the light most favorable to the State, as we are required to do, *see State v. Lindsey*, Me., 413 A.2d 506, 509 (1980), our function is to determine whether there was credible evidence to justify the jury in concluding that the Defendant was guilty beyond a reasonable doubt. *State v. Foley*, Me., 392 A.2d 1094, 1095 (1978). Our examination of the record establishes that the guilty verdict was supported by ample, credible evidence. We cannot say that no trier of fact could rationally find proof of guilt beyond a reasonable doubt. *State v. Lagasse*, Me., 410 A.2d 537, 542 (1980).

Following a determination by the presiding justice that the child–victim was capable of understanding her duty to tell the truth, M.R.Evid. 601(b), the child–victim testified to the actions of the Defendant. Although that testimony alone was sufficient to support conviction, *see State v. Foley, supra* at 1096, the State presented supplemental and corroborative evidence, including the medical testimony of a pediatrician. Corroboration is not essential for a rape conviction. Such evidence, however, does lend greater credibility to the victim's claims. *State v. Worrey*, Me., 322 A.2d 73, 78 n. 3 (1974). The evidence, considered in its entirety, was clearly sufficient to support the jury's verdict.

The Defendant's second argument, first raised by seasonable objection at trial, is that the trial court committed prejudicial error in refusing to give a requested instruction, based upon *State v. McFarland*, Me., 369 A.2d 227, 230 (1977), to the effect that the jury should scrutinize and analyze the victim's testimony with great care if it found her testimony to be uncorroborated. While that degree of care should be applicable to every witness, not solely when rape is alleged, no such instruction was needed in the instant case because the victim's testimony was corroborated. *See State v. McNamara*, Me., 382 A.2d 864, 865 (1978).

Furthermore, a party is not entitled to have his requested instruction given to the jury if it is already sufficiently covered in the charge actually given and the refusal to give the instruction does not prejudice the requesting party. *Michaud v. Steckino*, Me., 390 A.2d 524, 534 (1978); *Towle v. Aube*, Me., 310 A.2d 259, 266 (1973). Even if corroboration was lacking, our review of the record reveals that the essence of the requested instruction was in fact given.

The presiding justice's refusal to give a special instruction in the requested form did not prejudice the Defendant. There was no error.

The entry, therefore, must be:

Appeal denied.

Judgment affirmed.

All concurring.

---

1. The Defendant was indicted on Count I with violating 17–A M.R.S.A. § 252(1)(A) (statutory rape) and on Count II with violating 17–A M.R.S.A. § 253(1)(B) (gross sexual misconduct). Following the return of a guilty verdict on the rape charge, the Superior Court granted the State's motion to dismiss the charge of gross sexual misconduct.

17–A M.R.S.A. § 252 provides in pertinent part:

1. A person is guilty of rape if he engages in sexual intercourse:

A. With any person, not his spouse, who has not in fact attained his 14th birthday;