**STATE of Maine**

v.

**David BURGOYNE.**

Supreme Judicial Court of Maine.

Nov. 17, 1982.

394 ■ ▬▬▬▬▬▬▬

David M. Cox, Dist. Atty., Gary F. Thorne, Asst. Dist. Atty. (orally), Bangor, for plaintiff.

Harold C. Hamilton (orally), Bangor, for defendant.

Before GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

CARTER, Justice.

After a jury trial in Superior Court (Penobscot County), the defendant, David Burgoyne, was convicted of rape, 17–A M.R.S.A. § 252(1)(B) (1982). On appeal, he contends (1) the trial judge erred in denying his motion for judgment of acquittal because there was insufficient evidence to prove penetration and (2) he was denied a fair trial because of the prosecutor's improper and inflammatory closing remarks. We affirm the conviction.

The complainant was a girlfriend of the defendant's brother. She had met the defendant approximately twice during the past eight years. In May, 1981, the defendant called the complainant and asked if he could talk to her. She agreed but she also called her neighbor, Ms. Daly, and asked her to watch the complainant's trailer in case there was trouble. The defendant arrived at the complainant's trailer at approximately 5:30 p.m. The two drank beer and tequila for several hours.

At approximately 11:00 p.m., as the defendant was leaving, he indicated that the complainant and he should go into the bedroom. She refused and told the defendant to go home. A struggle ensued. The defendant dragged her into her bedroom and forced her to submit to vaginal intercourse and oral sex with him. The complainant escaped at approximately 3:30 a.m. and ran next door to the Dalys' trailer.

Mr. Daly testified at trial that the complainant arrived at his trailer crying, shaking, bent over, and holding her stomach. After seeing a man leaving the complainant's trailer at approximately 3:30, Mr. Daly checked her trailer to make sure it was unoccupied and locked the door upon leaving.

Ms. Daly testified at trial that the complainant was "physically a wreck" and was

screaming incoherently when she arrived at the Daly trailer. Ms. Daly decided to call the police and to take the complainant to the Eastern Maine Medical Center. The emergency room nurse testified that she noted bruising and puffiness in the complainant's vulva area.

The defendant argues that the State failed to prove penetration of the complainant's sex organ by that of the defendant.[1] In support of his contention, the defendant notes that (1) the only trial testimony concerning sexual intercourse came from the complainant, (2) the prosecutor first mentioned the subject of sexual intercourse, and (3) the complainant never defined what she meant by use of the term "sexual intercourse" nor did she specifically describe what happened with regard to sexual intercourse.

■ The defendant's arguments are without merit. First, only the complainant and the defendant were present during the rape. The defendant testified that he remembered nothing from approximately 11:00 p.m. to 3:30, a period that encompassed the struggle and rape. The complainant's testimony alone was sufficient to support the defendant's conviction. *State v. Foley,* 392 A.2d 1094, 1096 (Me.1978) (testimony of prosecutrix sufficient to support rape conviction unless testimony is inherently improbable and incredible and does not meet test of common sense). In addition, the State offered supplemental and corroborating evidence that provided greater credibility to the complainant's claim. *State v. Worrey,* 322 A.2d 73, 78 n. 3 (Me. 1974) (corroboration not necessary for rape conviction but necessarily lends greater credibility to victim's claims). Considered in its entirety, the evidence was sufficient to support the verdict. *State v. Bessey,* 423 A.2d 244, 245 (Me.1980) (medical testimony and victim's testimony clearly sufficient).

■ Second, although the subject of sexual intercourse was first mentioned by the prosecutor, the subject was then discussed by both the prosecutor and the complainant, with the complainant using the term "sexual intercourse." This was not a case in which the State's attorney proffered the noun "rape" in an effort to elicit corroborating testimony but received only terse affirmance from the prosecutrix of the term submitted to her. *State v. Croteau,* 158 Me. 360, 366, 184 A.2d 683, 686 (1962). The evidence of the vital fact of penetration must be adequate. *Id.* at 367, 184 A.2d at 687; *Bessey,* 423 A.2d at 245. There is, however, no requirement under Maine law that the complainant initiate the subject on direct examination.

■ Third, the complainant's testimony clearly established penetration. The complainant, a teacher, used the term "sexual intercourse" several times during her testimony. In denying the defendant's Motion for Acquittal based on lack of proof of penetration, the court quite properly assumed

> she was using the word in its common term which is included in that [legal] definition... That [the legal] definition is broader than the public conception of sexual intercourse because any degree of penetration is enough. The common usage is full penetration and I think there is no other way it could be interpreted.

Additionally, the complainant testified, using appropriate terminology, concerning rape; the occurrence of vaginal, as opposed to anal, intercourse; oral sex; the absence of ejaculation; the necessity of the defendant's removing her Tampax; and the happening of sexual intercourse "as a fact."

Viewing the evidence in the light most favorable to the State, *State v. Lindsey,* 413 A.2d 506, 509 (Me.1980), we find credible

---

1. 17–A M.R.S.A. § 252(1)(B) (1982) provides:

   1. A person is guilty of rape if he engages in sexual intercourse:

      . . . .

   B. with any person, not his spouse, and the person submits as a result of compulsion...

17–A M.R.S.A. § 251(1)(B) (1982) provides:
   1. In this chapter the following definitions apply.

      . . . .

   B. "Sexual intercourse" means any penetration of the female organ by the male sex organ. Emission is not required.

evidence to justify the jury's conclusion that the defendant was guilty beyond a reasonable doubt. *State v. Lagasse,* 410 A.2d 537, 542 (Me.1980); *Foley,* 392 A.2d at 1095. Her probable and credible account of events was sufficient to prove rape. *State v. Goodrich,* 432 A.2d 413, 415 (Me.1981). The complainant's testimony was not unreasonable, contradictory, or unsupported by physical fact, *State v. Field,* 157 Me. 71, 76, 170 A.2d 167, 169 (1961), nor did it fail to meet the test of common sense. *State v. Wheeler,* 150 Me. 332, 335, 110 A.2d 578, 580 (1954). Further, her testimony was corroborated by medical evidence and by the testimony of the neighbors who observed the complainant's physical condition after the incident. *State v. Kelley,* 357 A.2d 890, 893 n. 2 (Me.1976). It was the jury's responsibility to accept or reject her explanation. *State v. Flaherty,* 394 A.2d 1176, 1177 (Me. 1978). The jury's findings of proof of all the elements of rape, including penetration, were justified. *State v. Bernatchez,* 159 Me. 384, 386, 193 A.2d 436, 437–38 (1963).

The defendant argues that during the prosecutor's closing arguments he impermissibly testified to the conclusions of the Dalys, the complainant's next door neighbors, thereby inviting the jury to reach the same conclusions. The defendant further contends that the neighbors' opinions were not in evidence and would have been inadmissible if offered.

■ The contention is unsupported in the record. Neither Mr. nor Ms. Daly testified to anything other than observations of the complainant's condition and the actions they took as a result of those observations. Testimony by observers who witness the complainant's physical condition shortly after an alleged rape is permissible. *Kelley,* 357 A.2d at 893 n. 2.

The prosecutor's closing argument did not exceed the scope of the Dalys' testimony. The conclusions to which the prosecutor referred were the conclusions to call the police, to go to the hospital, and to check the complainant's trailer. The prosecutor's statement that "Ms. Daly realized that something had happened to [the complain-

ant]" was based on Ms. Daly's direct testimony that "[b]ecause she was still clutching her stomach, and I thought something was physically wrong."

The defendant's argument that, according to the prosecutor, the gist of the neighbor's conclusions was that the complainant had been raped, is incorrect. The Dalys did not use the word "rape" in their testimony and the prosecutor did not use that word in describing their testimony. According to the prosecutor, the gist of the neighbors' conclusions was that they should take some action because the complainant was obviously hurt. The basis for that argument is clearly supported by admissible testimony in the record. The court properly overruled the defendant's objection to these closing remarks by the prosecutor.

■ The defendant finally argues that he was deprived of a fair trial because the prosecutor's closing remarks were prejudicially inflammatory and because the court refused an instruction on those remarks. The prosecutor did endeavor to generate sympathy for the complainant on three occasions during his closing argument. Each time the court sustained defense counsel's objection. The court admonished the prosecutor twice for appealing to the jury's sympathy. After one objection, the court told the jury that it had to be objective and could not sympathize with either party. In the charge to the jury, the court again instructed the jury concerning bias, prejudice, and sympathy.

Although it is clearly improper to appeal to the jury's sympathy with emotionally-charged and inflammatory remarks, the prosecutor's remarks in this case do not appear sufficiently egregious to require vacating the conviction. First, the appeals to the jury's sympathy were brief and, after the court's second admonition, were not repeated. *State v. Conner,* 434 A.2d 509, 511–12 (Me.1981). Second, the trial justice gave "[p]rompt and appropriate curative instructions." *State v. Haberski,* 449 A.2d 373, 378–79 (Me.1982). Third, although the evidence against the defendant was not overwhelming, the evidence of his guilt was substan-

tial. *State v. Reilly,* 446 A.2d 1125, 1130 (Me.1982). Finally, the prosecutor's remarks did not go directly to the principal underlying issue at trial. *Id.*

On this record, the defendant received a fair trial.

The entry is:

Judgment affirmed.

All concur.