**STATE of Maine**

v.

**Wayne C. McDONOUGH.**

Supreme Judicial Court of Maine.

Argued March 12, 1986.

Decided March 31, 1986.

any Plaintiff ever claimed the exemption and had it denied by the Department. The issue is therefore not before us.

David W. Crook, Dist. Atty. (orally), Augusta, for plaintiff.

Matthew F. Dyer (orally), Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

Wayne C. McDonough appeals from a conviction of gross sexual misconduct, 17–A M.R.S.A. § 253(1)(B) (1983), and a conviction of unlawful sexual contact, 17–A M.R.S.A. § 255(1)(C) (1983), entered by the Superior Court (Kennebec County) after a jury trial. On appeal, defendant challenges the trial court's exclusion of certain evidence concerning the mother of the prosecutrix and the court's refusal to give a requested jury instruction requiring that the uncorroborated testimony of the prosecutrix be scrutinized and analyzed with great care. We deny the appeal.

## I.

The victim in this case testified that she was subjected to sexual abuse during the week of July 9–16, 1980. At the time, she lived in Augusta with her mother, two brothers, and defendant, who is her mother's ex-husband. Defendant moved out of the household in September of 1980, returning only for a couple of months during the winter of 1980–1981. On May 22, 1981, the victim left her mother's household and moved to Texas to live with her natural father.

At trial, defendant attempted to demonstrate that the victim's move to Texas was not associated with any alleged sexual abuse, but rather, resulted from conflict in the victim's relationship with her mother. In addition, defendant contended that this conflict created a motive for the victim to invent charges of sexual abuse against defendant as a means of avoiding a return to her mother's household. In support of his theory, defendant proposed to introduce evidence of a lesbian relationship between the victim's mother and an adult friend.

The trial justice excluded evidence of the lesbian relationship pursuant to M.R.Evid. 403, concluding that any probative value such evidence might have was outweighed by its potential for unfairly prejudicing the State's case, confusing the jury and unduly embarrassing the victim's mother. The court, however, allowed defendant to introduce other evidence to support his theory. The victim's mother admitted that when her daughter left for Texas, their relationship contained conflict and that the victim's leaving had nothing to do with defendant. In addition, defendant's sister testified that one night in May, 1981, the mother's friend came to the victim's apartment drunk, bleeding from slit wrists, and crying. She went into the victim's bedroom and woke her up. This event greatly upset the victim and precipitated her move to Texas.

▮ In determining the admissibility of evidence under Rule 403, the trial justice exercises broad discretion. *State v. Goyette*, 407 A.2d 1104, 1109 (Me.1979). In light of the evidence described above, which defendant introduced to support his contentions at trial, evidence of the mother's alleged lesbian relationship would have been cumulative and, at best, would have had only marginal probative value. The evidence offered by defendant was inflammatory and had the potential to create unfair prejudice and confusion. We conclude that the trial justice acted well within the bounds of discretion in excluding the evidence.

Defendant objected at trial, and renews his objection on appeal, to the trial court's consideration of prejudice to the mother's reputation in excluding evidence of her lesbian relationship. As defendant points out, Rule 403 makes no explicit provision for consideration of such prejudice.[1] Defendant takes nothing on this point, however, because even if viewed in light of only those factors that the court properly considered under Rule 403, the trial court's decision is amply supported in the record.

## II.

▮ Defendant requested a jury instruction that "in the absence of corroboration, the testimony of the prosecutrix must be scrutinized and analyzed with great care." Refusing defendant's request, the presiding justice instructed the jury as part of his general instructions on credibility that the jury should consider "whether a witness's testimony is corroborated by other witnesses or whether it is uncorroborated." Defendant objected to the court's refusal to give the requested instruction and now claims reversible error in that refusal.

▮ There is no necessity for special scrutiny to be given to the uncorroborated testimony of the victims of sex crimes, and thus, we find no error in the trial court's refusal to give defendant's requested instruction. As we have previously ob-

---

1. M.R.Evid 611(a) authorizes the court to control the mode and order of interrogation in order to "protect witnesses from harassment or undue embarrassment."

served, the same degree of scrutiny should be given to all uncorroborated testimony, whether or not the witness purports to be the victim of a sex offense. *State v. Goodrich*, 432 A.2d 413, 417 (Me.1981); *State v. Bessey*, 423 A.2d 244, 245 (Me.1980). In addition, singling out the testimony of a prosecutrix for special scrutiny carries with it the danger of conveying to the jury the mistaken impression that such testimony is inherently unreliable. In this case, the presiding justice appropriately instructed the jury to consider the presence or absence of corroboration in evaluating the testimony of any witness. We find no error.

The entry is:

Judgments of conviction affirmed.

All concurring.