**UNITED STATES of America, Appellee,**

v.

**Alfred WHITING, Appellant.**

No. 76–1145.

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1976.

Decided July 20, 1976.

---

David L. Bergren, Fort Pierre, S. D., for appellant.

R. D. Hurd, Asst. U. S. Atty., Sioux Falls, S. D., for appellee; William F. Clayton, U. S. Atty., Sioux Falls, S. D., on brief.

Before HEANEY, ROSS and STEPHEN-SON, Circuit Judges.

HEANEY, Circuit Judge.

Alfred Whiting, an American Indian residing on the Rosebud Indian Reservation in South Dakota, appeals from his conviction by jury of two counts of assault with a dangerous weapon in violation of 18 U.S.C. § 1153 and S.D.C.L. § 22–18–11. Whiting seeks reversal on three grounds: (1) that the underrepresentation of Indians on the jury panel violated his rights to due process and equal protection under the Fourteenth Amendment and was in contravention of the Federal Jury Selection and Service Act of 1968, 28 U.S.C. § 1861 et seq.; (2) that

the alleged prejudice of one of the seated jurors denied him a fair trial; and (3) that the evidence was insufficient to support the conviction. We affirm.

## I.

Whiting appeals from the denial of his motion to dismiss the indictment on the ground that while 15.63% of the population of the Central Division, the place of trial, are Indian, only 3% (one or possibly two persons out of seventy) of the jury panel from which the petit jury was chosen were Indian. Under the random jury selection plan for the District of South Dakota, petit jury panels are selected from voter registration lists. This plan was approved by the Reviewing Panel of this Circuit.

 The Sixth Amendment guarantee to trial by jury, *Taylor v. Louisiana*, 419 U.S. 522, 528–529, 95 S.Ct. 692, 42 L.Ed.2d 690 (1976), the Fifth Amendment guarantee to due process, *United States v. Olson*, 473 F.2d 686, 688 (8th Cir.), *cert. denied*, 412 U.S. 905, 93 S.Ct. 2291, 36 L.Ed.2d 970 (1973), and the Federal Jury Selection and Service Act of 1968 mandate that petit juries shall be selected from a representative cross-section of the community. Jury wheels, pools of names, panels or venires from which juries are drawn must not systematically exclude distinctive groups in the community. *Taylor v. Louisiana, supra,* 419 U.S. at 538, 95 S.Ct. 692. *See also United States v. Gordon,* 455 F.2d 398, 401 (8th Cir. 1972); *United States v. Williams,* 421 F.2d 529, 531–532 (8th Cir. 1970); *Hansen v. United States,* 393 F.2d 763, 769 (8th Cir.), *cert. denied,* 393 U.S. 833, 89 S.Ct. 103, 21 L.Ed.2d 103 (1968). However, a defendant in a criminal case is not constitutionally entitled to demand a proportionate number of his race on the jury which tries him. *Swain v. Alabama,* 380 U.S. 202, 208, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). *Accord, Taylor v. Louisiana, supra,* 419 U.S. at 538, 95 S.Ct. 692; *United States v. Freeman,* 514 F.2d 171, 173 (8th Cir. 1975); *United States v. Gordon, supra* at 401. *Compare United States v. Jenkins,* 496 F.2d 57 (2nd Cir.

1974), *cert. denied,* 420 U.S. 925, 95 S.Ct. 1119, 43 L.Ed.2d 394 (1975).

 The burden of establishing a prima facie showing of discrimination or systematic exclusion in the selection of the jury array is on the defendant. *United States v. Williams, supra* at 531. Whiting has not met that burden. He alleges only that there was an underrepresentation of Indians on the single jury panel from which the petit jury in the instant case was chosen. The fact that a single panel does not represent a cross-section of the larger community cannot establish that the selection process was discriminatory. *United States v. Williams, supra* at 531–532; *United States v. Pollard,* 483 F.2d 929, 930 (8th Cir. 1973), *cert. denied,* 414 U.S. 1137, 94 S.Ct. 882, 38 L.Ed.2d 762 (1974). In the absence of a proper showing, any claim under 28 U.S.C. § 1863(b)(2) must likewise fail. *See United States v. King,* 492 F.2d 895, 896 (8th Cir. 1974).

 Whiting also urges that, in any event, the District Court erred in denying his motion for a stay to allow his inspection of the jury lists in preparation for further challenges to the selection procedures. This contention is without merit. The granting of a continuance is a matter resting within the discretion of the trial court. *United States v. Johnson,* 526 F.2d 600, 601 (8th Cir. 1975); *United States v. Briddle,* 443 F.2d 443, 451 (8th Cir.), *cert. denied,* 404 U.S. 942, 92 S.Ct. 291, 30 L.Ed.2d 256 (1971). Here, the defense was furnished a copy of the jury panel six days prior to the date of trial, affording ample time for inspection. *See United States v. Mills,* 440 F.2d 647, 648 (6th Cir.), *cert. denied,* 404 U.S. 837, 92 S.Ct. 127, 30 L.Ed.2d 70 (1971). Denial of Whiting's motion for additional time was not an abuse of the trial court's discretion.

## II.

Secondly, Whiting maintains that he is entitled to a new trial because one of the seated jurors, Evelyn Bawdon, failed to come forward and declare her allegedly prejudicial opinion of American Indians. The argument is premised on the fact that

in a subsequent trial for the crime of burglary, Mrs. Bawdon stated that she could not give the testimony of an Indian the same weight as the testimony of a non-Indian because she had been the victim of a burglary by an Indian.

 Where an attack is made upon the integrity of the trial by reason of alleged misconduct on the part of a juror in failing to disclose information pertinent to the issue of prejudice, the defendant's burden of proof must be sustained not as a matter of speculation, but as a demonstrable reality. *United States v. Sockel*, 478 F.2d 1134, 1137 (8th Cir. 1973). No demonstration of intentional or knowing withholding of information by Mrs. Bawdon is made here. During the voir dire examination, the prosecutor addressed general questions to the panel of prospective jurors, inquiring whether they could be fair to both parties in view of the fact that the crime occurred on an Indian reservation and involved Indians. The defense then asked whether any of the prospective jurors knew the appellant. Mrs. Bawdon responded that her son knew some Whitings, but that this would not affect her decision in the case. Whiting's counsel also made general inquiries as to whether the activities of some American Indian groups would affect the jurors' decision in the instant case. Mrs. Bawdon did not volunteer any response to the questions of the prosecutor or the defense, other than the acknowledgment that her son knew "some Whitings."

The fact that Mrs. Bawdon, who had been the victim of burglary by an Indian, did not feel that she could be impartial in a burglary trial does not, of itself, compel the conclusion that she would be prejudiced in an assault trial where the accused and victims were Indians. In the absence of more specific questioning of this juror during voir dire, we cannot, on the basis of speculation, say that the District Court abused its discretion by denying Whiting's request for a new trial. *See United States v. Shahane*, 517 F.2d 1173, 1179 (8th Cir. 1975); *United States v. Nance*, 502 F.2d 615, 621 (8th Cir.

1974), *cert. denied*, 420 U.S. 926, 95 S.Ct. 1123, 43 L.Ed.2d 396 (1975).

### III.

 Upon the question of the sufficiency of the evidence to sustain the verdict, it is axiomatic that the reviewing court must view the evidence in the light most favorable to the government. *United States v. Shahane, supra* at 1174; *United States v. Powell*, 513 F.2d 1249, 1250 (8th Cir.), *cert. denied*, 423 U.S. 853, 96 S.Ct. 99, 46 L.Ed.2d 77 (1975). Upon review of the record, we find that there clearly was sufficient evidence to sustain the verdict.

Finding no error in the proceedings below, we affirm the judgment of conviction.