UNITED STATES of America, Appellee,

v.

Timothy Charles BLACK BEAR, a/k/a Mesteth, Appellant.

No. 88–5279.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 15, 1989.

Decided June 19, 1989.

Rehearing and Rehearing En Banc Denied July 19, 1989.

Curtis D. Ireland, Rapid City, S.D., for appellant.

Ted L. McBride, Rapid City, S.D., for appellee.

Before JOHN R. GIBSON, Circuit Judge, HEANEY, Senior Circuit Judge, and FAGG, Circuit Judge.

HEANEY, Senior Circuit Judge.

Timothy Charles Black Bear, a/k/a Timothy Mesteth, appeals his conviction for robbery and assault with a dangerous weapon. On appeal, he alleges that he was denied a fair trial by the admission of an involuntary statement and by the exclusion of

---

Indians from his jury.[1] He has failed to substantiate these claims and we affirm.

### BACKGROUND

Black Bear was convicted in the federal district court for South Dakota of robbery and assault, for entering a video store, hitting the clerk, and taking $75 from the cash drawer. He was questioned the following morning and incriminated himself after signing a waiver of rights form. The district court held a suppression hearing and concluded that Black Bear's admissions were voluntary. After jury selection, the defense counsel moved to have the jury panel stricken because there were no Indians on the panel, nor was there anyone from Shannon County where many Indians reside. This motion was denied as untimely and because there were Indians on the master jury list. At trial, the prosecution called the victim, the officers and Black Bear's housemates as witnesses. Black Bear was convicted and sentenced to less than the time fixed by the sentencing guidelines because the district court was impressed by his personal history.

### DISCUSSION

#### I. Self–Incrimination

■ On appeal, Black Bear argues that his statements should be suppressed because he did not understand his rights and because his responses to the questions were misunderstood in light of cultural differences. We address each argument in turn.

The government bears the burden of proof to show that incriminating statements made in custody are voluntary, and that any waiver of rights is knowing and intelligent. *Miranda v. Arizona*, 384 U.S. 436, 475, 86 S.Ct. 1602, 1628, 16 L.Ed.2d 694 (1966). Black Bear asserts that he did not appreciate the significance of his right to counsel. The officers, however, testified that Black Bear was informed of his rights twice and was provided with a waiver form which he signed. Black Bear is a high-school graduate with above-average intelligence. He does not allege that he was coerced in anyway, or that the warnings themselves were mistated or incomplete, or that he asked any questions about his rights that went unanswered. In light of these facts, we believe that the government has carried its burden of proof.

Next, Black Bear argues that his responses were misunderstood. He suggests that his answers were ambiguous, and he urges us, as he urged the jury, not to view them as inculpatory. The jury, however, found him guilty based on the totality of the evidence, which included a victim identification. We can not say that the jury rested their verdict on his statements, nor that if they did, they would be unjustified in crediting the officers' testimony rather than Black Bear's.

#### II. The Jury Panel

■ A defendant is entitled to a jury that represents a fair cross-section of society. *Taylor v. Louisiana*, 419 U.S. 522, 530, 95 S.Ct. 692, 697, 42 L.Ed.2d 690 (1975) (constitutional standard); 28 U.S.C. § 1861 (statutory equivalent pertaining to federal courts). A jury panel underrepresents the diversity of a community if: (1) the group alleged to be excluded is a distinct group in the community; (2) the represenation of the group is not fair and reasonable in relation to the number of such persons in the community; and (3) the underrepresentation is due to the systematic exclusion of the group in the jury selection process. *Duren v. Missouri*, 439 U.S. 357, 364, 99 S.Ct. 664, 668, 58 L.Ed.2d 579 (1979).

A group of people is distinct when they have a shared attribute that defines or limits their membership, and when they share a community of interest. *C.F.*, *United States v. Guzman*, 337 F.Supp. 140, 143–44 (S.D.N.Y.), *aff'd*, 468 F.2d 1245 (2d Cir.1972), *cert. denied*, 410 U.S. 937, 93 S.Ct. 1397, 35 L.Ed.2d 602 (1973). We believe that Indian people are distinct and form a cultural community. Thus, we fo-

---

1. He also challenges the constitutionality of the Sentencing Reform Act of 1984, 28 U.S.C. §§ 991–98, and various evidentiary rulings. The Supreme Court has since held the Sentencing Act constitutional against the same challenges. *Mistretta v. United States*, —— U.S. ——, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). The evidentiary rulings at issue are committed to the discretion of the trial court, and we find no abuse of discretion in this case.

cus on whether there was underrepresentation.

The Western Division of the district for South Dakota is composed of ten counties. Evidence drawn from the 1980 census shows that Indians make up 10.9% of the total population of those ten counties. Appellant's Appendix at 1. To determine if Indians are unfairly excluded from juries, we compare this figure to the percentage of Indians on the master jury list. *United States v. Whiting*, 538 F.2d 220, 222 (8th Cir.1976). In this case, we are unable to do so. Neither party has supplied us with the list or a summary of its contents. Black Bear has instead argued that there were no Indians on his panel, or from Shannon County which includes a portion of the Pine Ridge Reservation. He has also questioned why Jackson County, which includes the remainder of the Pine Ridge Reservation, is excluded from the Western Division where many Indians are tried. The district court correctly concluded that Black Bear's sketchy evidence is insufficient to establish a violation of his constitutional rights.[2]

We, nevertheless, wish to encourage the district court to continue to monitor jury selection within South Dakota. It is our declared duty to achieve jury pools drawn from a fair-cross section of the community irrespective of minimum constitutional standards. 28 U.S.C. § 1861. Federal courts should continually evaluate their practices against this goal. We are unable on this record to evaluate the district court's practices and to consider the effect of the exclusion of Jackson County in light of the number of Indians tried in the Western Division.

CONCLUSION

We affirm Black Bear's conviction. There was substantial evidence to support the jury's verdict, and there is insubstantial evidence at this time to support Black Bear's claims.

**2.** The district court also denied Black Bear's motion as untimely in light of the court's motion deadline. Appellant alleges that he was unable to obtain relevant information from the

court in time to meet the deadline. In light of our view on the merits, we need not immerse ourselves in this dispute.