**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 95-5197

LIONEL MEREDITH,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CR-94-417-A)

Argued: June 5, 1996

Decided: August 12, 1996

Before WILLIAMS and MOTZ, Circuit Judges, and CURRIE,
United States District Judge for the District of South Carolina,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Suzanne Little, Alexandria Virginia, for Appellant. Scott
Richard Lawson, Special Assistant United States Attorney, OFFICE
OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for
Appellee. **ON BRIEF:** Helen F. Fahey, United States Attorney,
OFFICE OF THE UNITED STATES ATTORNEY, Alexandria Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Lionel Frederick Meredith appeals his conviction for one count of assault with a dangerous weapon in violation of 18 U.S.C. § 113(c). He claims the trial judge erred in refusing to strike a juror who was a former co-worker of the government's chief witness and that there was insufficient evidence to sustain his conviction. Finding no merit to his contentions, we affirm.

I. FACTS

Appellant is an inmate at the Lorton Reformatory in Lorton, Virginia, which is an institution within the special territorial jurisdiction of the United States. On the afternoon of July 27, 1994, another Lorton inmate, LaRue Cunningham, was assaulted with a homemade knife while being chased by a fellow inmate. The facts of the dispute are sharply conflicting and Appellant denied involvement in the assault. Nevertheless, based on the reports of Corporal Rayford Graham, a Lorton correctional officer who observed the incident and took the report of the victim, Appellant was charged with assaulting Cunningham with a dangerous weapon.

The trial judge conducted a lengthy voir dire of the jury venire. The names of all witnesses were published to the venire and the trial court inquired whether any prospective juror knew any witness. The trial judge also asked whether any prospective juror would credit the testimony of a law enforcement officer merely because of that person's role as a law enforcement officer. No affirmative responses were received.

When the government called its first witness, Corporal Graham, a juror informed the marshal that he was acquainted with Graham. The court conducted a sidebar inquiry of the juror with both counsel pres-

2

ent. The juror stated that he had not recognized Corporal Graham's name when it was read out during jury selection, but that during the lunch period he had seen him and recognized him from an earlier association. Both had worked as service assistants at the Institution for Defense Analyses for approximately one and a half to two years. The juror indicated that he had occasionally worked with and helped train witness Graham. However, the juror denied being social friends with Graham, stated that he would not be inclined to credit Graham's testimony over others' testimony, and indicated it would not hinder him from rendering a fair and impartial verdict. The court explored at length the juror's receptiveness to an argument that Graham's testimony might not be truthful:

> THE COURT: Do you think you would be as open to assessing his testimony as you would the testimony of any other witness?
>
> THE JUROR: Yes, sir.
>
> THE COURT: Would you be open to an argument that he's not telling the truth?
>
> THE JUROR: Sure, I would be open to it. I haven't seen all the evidence.

Joint Appendix at 82.

Defense counsel moved to strike the juror for cause based on the past association with Graham. The court denied the motion based on the responses received during the colloquy with the juror:

> THE COURT: I think on the basis of the questions the Court asked that I'm satisfied, looking [the juror] in the eye as I did, that he's pretty sure and he's open to the possibility like a person -- any other person might not be telling the truth for any number of reasons. And so I'm going to overrule the objection and proceed.

Joint Appendix at 83.

3

Testimony at trial was conflicting. Corporal Graham testified that he observed Appellant chasing Cunningham up the aisles of the dormitory area with a homemade shank in his hand and that he saw Appellant catch up with Cunningham and make several forward motions with his hand. After calling for assistance and bringing the situation under control, Graham observed puncture wounds in Cunningham's back and above his eye. Cunningham identified Appellant as one of two inmates who assaulted him. He stated that Appellant had used a "sharp object" to stab him in the back. The government's last witness, Lieutenant Dalton, who responded to the call for assistance, testified that on arriving at the scene he observed puncture wounds in Cunningham's back and a wound over his eye. The defense consisted of the testimony of three other inmates, all of whom placed Appellant at different locations in the dormitory away from the area in which the assault transpired. At the conclusion of the two-day trial, the jury returned a verdict of guilty on the charge of assault with a dangerous weapon.

## II. ISSUES ON APPEAL

### A. Denial of Right to Impartial Jury

Appellant contends the trial judge's failure to excuse for cause from the petit jury a juror who had previously worked with and trained Corporal Graham, the government's primary eyewitness at trial, denied him his right to a fair and impartial jury, especially where, as here, the refusal to strike the juror occurred at a time when the defense could no longer exercise a peremptory challenge.

We review a district court's refusal to excuse a juror for cause for manifest abuse of discretion. Poynter v. Ratcliff, 874 F.2d 219, 222 (4th Cir. 1989) (finding no error in refusing to strike for cause a juror who was the defendant's patient and a juror who was a defendant in a similar suit). A juror is presumed impartial, and the existence of a preconception is insufficient to rebut the presumption if the juror can "lay aside his impression or opinion and render a verdict based on the evidence presented in court." Id. at 221. Here, the trial judge thoroughly interrogated the juror as to any preconceptions he might have regarding Corporal Graham's credibility. When the juror gave unequivocal responses indicating that he would be open to arguments

4

about Graham's credibility and that he would need to consider all the evidence in the case, the trial judge, "looking the juror in the eye," concluded that no cause existed to excuse the juror. It is within the district court's sound discretion to assess the credibility of the juror's statements as to his fairness. Id. at 222. The district court credited the juror's statements, and Appellant offers this court no basis to reject that finding.

As to Appellant's argument that the timing of the incident precluded him from exercising a peremptory strike against the juror, several cases have considered the effect of a nondisclosure by a juror until some point following voir dire, e.g., in the course of trial or post-trial. A party seeking a new trial because of nondisclosure of information by a juror during voir dire must prove actual bias or prejudice by a preponderance of the evidence. See Smith v. Phillips, 455 U.S. 209, 215 (1982); United States v. Maseratti, 1 F.3d 330, 337 (5th Cir. 1993); United States v. Billups, 692 F.2d 320, 324 (4th Cir. 1982), cert. denied, 464 U.S. 820 (1983). The remedy for allegations of juror partiality arising after voir dire is a hearing in which the defendant has the opportunity to prove actual bias. Smith, 455 U.S. at 215 (1982) (federal habeas action in which Court affirmed state conviction even though after trial it was disclosed that during the course of trial a juror had applied for a job within the prosecutor's office).

Here the trial judge's exhaustive examination of the juror satisfied Appellant's right to a fair and impartial jury. Based on his examination and his ability to "look the juror in the eye," the trial judge found that the juror was impartial. Appellant has not shown that the juror deliberately failed to acknowledge his familiarity with Corporal Graham during voir dire. Moreover, the trial judge found the juror's explanation highly credible in light of the fact that several years had elapsed since the two men had worked together and that there had never been a close social relationship. "Where an attack is made upon the integrity of the trial by reason of alleged misconduct on the part of a juror in failing to disclose information pertinent to the issue of prejudice, the defendant's burden of proof must be sustained not as a matter of speculation, but as a demonstrable reality." United States v. Whiting, 538 F.2d 220, 223 (8th Cir. 1976). Appellant offers nothing more than speculation that the juror was prejudiced. Accordingly,

5

Appellant has failed to demonstrate actual bias and there was no abuse of discretion in failing to excuse the juror.

B. Sufficiency of the Evidence

Appellant contends that the evidence was insufficient as a matter of law to sustain his conviction for assault with a dangerous weapon. Evidence is sufficient to support a conviction so long as, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979), rehearing denied, 444 U.S. 890 (1979); United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993). An appellate court does not review the jury's decision on the credibility of witnesses. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

The evidence at trial amply supported the jury's finding of guilt. The testimony of the government's witnesses was enough to establish Appellant's guilt if the jury found them credible, which it did. The jury's verdict indicated that it credited the testimony of Corporal Graham and the victim Cunningham over the testimony of fellow inmates/defense witnesses Dunn, Carter, and Speed. The trial transcript reveals that the defense witnesses versions of the incident were often incoherent and in conflict with their earlier statements or the testimony of other defense witnesses. For example, inmate Dunn admitted that his trial testimony contradicted his earlier statement to the F.B.I. Each of the three defense witnesses placed Appellant at a different location at the time of the incident. Clearly the jury had opportunity to judge the demeanor and credibility of the defense witnesses and elected not to credit their testimony. We will not disturb that judgment. Accordingly, we find that a rational jury could have concluded that Appellant assaulted Cunningham with a dangerous weapon.

III. CONCLUSION

For these reasons, we affirm the judgment of the district court.

AFFIRMED

6