**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                            No. 98-4055

LOIS ANN MCCLUNG,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                            No. 98-4056

STEPHANIE LANE MCCLUNG,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                            No. 98-4367

LOIS ANN MCCLUNG,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court

for the Western District of Virginia, at Harrisonburg.
James H. Michael, Jr., Senior District Judge.
(CR-97-31)

Argued: October 30, 1998

Decided: January 28, 1999

Before WILKINS and NIEMEYER, Circuit Judges, and
FRIEDMAN, United States District Judge for the
Eastern District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Walter Franklin Green, IV, GREEN & O'DONNELL,
Harrisonburg, Virginia, for Appellant Stephanie McClung; Danita
Sue Alt, Harrisonburg, Virginia, for Appellant Lois McClung. Ray B.
Fitzgerald, Jr., Assistant United States Attorney, Charlottesville, Vir-
ginia, for Appellee. **ON BRIEF:** Robert P. Crouch, Jr., United States
Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants Lois Ann McClung and Stephanie Lane McClung were
convicted by a jury of conspiracy to distribute marijuana in violation
of Title 21, United States Code Section 846. The jury also convicted
Lois McClung of money laundering in violation of Title 18, United
States Code Sections 1957 and 2.* Through a subsequent special ver-
dict, the jury found that certain real and personal property of Appel-
lants was subject to forfeiture pursuant to Title 21, United States Code

_____

*A third family member, Jeffrey Preston McClung, was convicted of
similar offenses in the same trial, but had not been sentenced at the time
of oral argument.

2

Section 853. Lois McClung appeals her convictions for money laundering and conspiracy to distribute marijuana, and the corresponding forfeiture of real and personal property. Stephanie McClung appeals her conviction for conspiracy to distribute marijuana. Finding no error, we affirm.

I.

On April 23, 1997, the Grand Jury returned a multiple count indictment charging Appellants and others with crimes relating to the distribution of marijuana, money laundering, and criminal forfeiture. During the period of the alleged drug activity, Lois McClung resided with her children, Angela, Stephanie and Jeffrey, in the family home. The charges resulted in part from the execution of a search warrant at Appellants' residence on September 14, 1995. Pursuant to the warrant, police officers searched the residence for drugs, drug paraphernalia, and documents or anything related to the distribution of controlled substances.

Among the items recovered during the search were marijuana and marijuana stems, marijuana smoking devices, a triple beam scale and approximately 74 firearms. A combination safe located in the basement of the house contained white containers with red tops. Each of the containers held psilocybin mushrooms, United States currency, or additional marijuana smoking pipes. Marijuana buds and a jar of coins were also found in the safe.

The police officers seized approximately $820 in United States currency and an envelope marked "Stephanie" containing another $600 from a nightstand in one of the upstairs bedrooms. No marijuana or drug paraphernalia was found on the first floor of the house. Testimony at trial established that the children stayed upstairs in the house while Lois McClung and her companion lived downstairs. The children were responsible for their own cleaning and laundry. Lois McClung did not carry on any activities that would have placed her in the children's rooms.

The jury retired to deliberate at 5:45 p.m. on Saturday, September 27, 1997, and returned a guilty verdict later the same evening. The jury was then released and instructed to return on Monday to consider

3

the forfeiture issues. On September 29, 1997, the jury returned a special verdict forfeiting Appellants' rights, title and interest in certain real and personal property to the United States. Lois McClung filed a motion for judgement of acquittal on October 6, 1997, and Stephanie McClung filed a similar motion on October 7, 1997. Both motions were denied by the district court on October 21, 1997, and the Appellants were sentenced on January 9, 1998.

II.

Appellants raise numerous issues on appeal, some jointly and others individually. Since it is difficult to determine which issue has been raised by whom, the court will address all issues as if raised by both Appellants unless the record clearly indicates otherwise. Although Appellants raise nine separate issues, the assignments of error are better organized and treated as the following six issues. First, Lois McClung claims the evidence was insufficient to support a conviction of either money laundering or conspiracy to distribute marijuana, or to support forfeiture of her house and approximately $24,000 in United States currency seized from the basement safe. Next, Stephanie McClung claims the district court erred in allowing the presentation in the federal prosecution of the same evidence on which she was acquitted for possession of marijuana in previous state court proceedings. Appellants further assign error to four district court actions: (1) the denial of a post-verdict motion for a mistrial, and failure to investigate alleged jury misconduct; (2) the refusal to allow testimony of a witness called by the defense; (3) the crafting of an answer to a question by the jury; and (4) allowing the bailiff to converse and interact with the jury.

A.

Lois McClung submits that the evidence was insufficient to support a conviction of either money laundering or conspiracy to distribute marijuana. She further contends that the evidence was insufficient to support forfeiture of her property interests. When assessing the sufficiency of the evidence of a criminal conviction on direct review, the jury verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." See Jackson v. Virginia, 443 U.S. 307 (1979); Glasser v. United States,

4

315 U.S. 60, 80 (1942); see also United States v. Hudgins, 120 F.3d 483, 486 (4th Cir. 1997). The Government is afforded all reasonable inferences which flow from the circumstantial and direct evidence brought before the district court. United States v. Burgos, 94 F.3d 849, 858 (4th Cir. 1996) (en banc), cert. denied , ___ U.S. ___, 117 S.Ct. 1087 (1997). In reviewing the sufficiency of the evidence, this court does not weigh the evidence nor consider the credibility of witnesses. See United States v. Arrington, 719 F.2d 701, 704 (4th Cir. 1983).

Lois McClung's sufficiency of the evidence claim is unavailing. The record contains ample evidence which supports her convictions, not only from Government witnesses and exhibits, but also in the form of testimony from Appellant and her son, Jeffrey McClung. Testimony presented at trial established that as early as 1993, between fifteen and twenty marijuana sales were made from the McClung residence on an average weekend night. Marijuana buds, psilocybin mushrooms and approximately $24,000 in United States currency were found in a locked combination safe in the basement. The safe gave off a "fairly strong" odor of marijuana when opened. Jeffrey McClung and Lois McClung were the only two individuals who knew the combination to the safe.

Lois McClung and Jeffrey McClung gave contradictory statements about the origins of the money in the safe. At trial, Lois McClung testified that she periodically placed money in the safe when the contributions for monthly expenses from the other occupants of the house exceeded the actual bills. Jeffrey McClung had previously told the police that the money in the safe belonged to his mother, but that he put it in the safe to keep her from gambling it away. A Government witness testified that he saw Jeffrey McClung take money from the safe, and that there were drugs in the safe at the time. Contradictory statements were also given about $2,300 in United States currency found in Jeffrey McClung's bedroom. Lois McClung was aware that Jeffrey McClung possessed a large sum of money, and claimed that it came from her pawn shop operation. Jeffrey McClung admitted the $2,300 constituted proceeds of marijuana sales, and stated that he had not held a legitimate job for two years prior to the search.

In addition, the record contains evidence of numerous monetary transactions made by or with the assistance of Lois McClung to

5

accomplish the purchase of a Toyota four-wheel drive vehicle for Jeffrey McClung in October 1994. Again, Lois McClung and Jeffrey McClung offered contradictory statements concerning the money used for the vehicle's purchase. According to Lois McClung, part of the money came from a certificate of deposit she cashed, and the rest from Jeffrey McClung through the sale of his car. Jeffrey McClung stated the entire sum came from Lois McClung. Yet at trial, a sub-distributor for Jeffrey McClung testified that he was told by Jeffrey McClung the Toyota had been purchased for cash with the joint proceeds of their marijuana sales.

Thus, taking the evidence in the light most favorable to the Government, we conclude that a rational jury could have found Lois McClung guilty of money laundering and conspiracy to distribute marijuana. See Burgos, 94 F.3d at 861 ("[A] defendant's connection to the conspiracy merely need be "slight."). Turning to Lois McClung's claim that the evidence was insufficient to support forfeiture of her house and the currency in the basement safe, we find the evidence as reviewed above sufficient for a rational jury to have returned a verdict in favor of the Government on the forfeiture issue.

B.

Stephanie McClung argues that her acquittal for possession of marijuana in state court precluded the presentation of the same evidence in the federal proceedings. Stephanie McClung's argument is ambiguous at best, referencing collateral estoppel, double jeopardy, and issue preclusion, without setting forth a strong basis for any argument.

The difficulty with Stephanie McClung's argument, if it is indeed one of collateral estoppel, is that one need not have had constructive possession of marijuana to be involved in a conspiracy to distribute marijuana. In addition, the rather bare statement in Appellant's brief that "Stephanie was faced with identical evidence and facts that . . . failed to convict her in State criminal proceedings," lends itself to an argument of double jeopardy, but no such argument was made.

The double jeopardy clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. However, as the United States Supreme Court

6

noted in United States v. Felix, 503 U.S. 378, 389-90 (1992), the double jeopardy clause does not bar a prosecution for conspiracy merely because some of the alleged overt acts of the conspiracy have already been prosecuted. See, e.g., United States v. Bayer, 331 U.S. 532 (1947) (Court-martial conviction did not bar subsequent federal prosecution for conspiracy based on same underlying incidents); Pinkerton v. United States, 328 U.S. 640, 643 (1946) ("[T]he commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses ... [a]nd the plea of double jeopardy is no defense to a conviction for both offenses"). See also United States v. Williams, 155 F.3d 418, 420 (4th Cir. 1998). Furthermore, the Courts have long held that an individual may be prosecuted for virtually identical offenses in both the state and federal sovereigns. "An act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each." United States v. Lanza, 260 U.S. 377, 382 (1922). See also United States v. Iaquinta, 674 F.2d 260, 264 n.9 (4th Cir. 1982).

There is no evidence before the Court relating to the state court proceedings, or supporting arguments of double jeopardy or collateral estoppel. We find Appellant's argument indiscernible and without merit.

C.

Appellants jointly assign error to the district court's denial of a post-verdict motion for a mistrial based on an alleged undisclosed, indirect relationship between a juror and a defense witness. We review the district court's denial of a motion for a mistrial for abuse of discretion. United States v. Dorlouis, 107 F.3d 248, 257 (4th Cir.) (Denial of motion for mistrial "will be disturbed only under the most extraordinary of circumstances."), cert. denied, ___ U.S. ___, 117 S.Ct. 2525 (1997). In order to demonstrate an abuse of discretion, the defendants must show prejudice. United States v. West, 877 F.2d 281, 288 (4th Cir. 1989).

Appellants contend that one of the jurors failed to disclose an indirect relationship with a defense witness, Mark Semones ("Semones"), during voir dire. The record does not establish when Appellants' counsel first learned of the alleged relationship, and Appellants did

7

not offer any evidence regarding the relationship in the district court. Semones testified third in a series of eight witnesses on Saturday, September 27, 1997. All of the testimony was completed by 12:15 p.m., and the jury retired to deliberate at 5:45 p.m.

On Monday morning, a conference was held in chambers to discuss the proposed charge for the forfeiture deliberations. Juror truthfulness in response to voir dire questions was not discussed or even mentioned. Later the same day while deliberating the forfeiture issue, the jury requested a dictionary. A second conference was held to discuss the jury's request. During the conference, the district court informed counsel that the jury had expressed concern about retribution. The court's comment prompted counsel for Jeffrey McClung to state, "we have a juror on there where we didn't discover until over the weekend who did not respond truthfully to the questions you asked him about knowing the parties." Appellants then moved for a mistrial.

Counsel offered a confusing rendition of the alleged relationship between the juror and the witness, never establishing precisely what the relationship was. The district court overruled Appellants' motion based on its suspicion of the timing in which the motion was made, and the fact that the information related to the court came from individuals with an obvious bias or prejudice. Appellants failed to note an objection to the district court's ruling.

Where juror bias is timely reported to the court before the jury has retired to deliberate, the court has the opportunity take the appropriate action, such as seating an alternate juror. See United States v. Hayden, 85 F.3d 153 (4th Cir. 1996). In this case, the district court was faced with a belated revelation of possible juror bias which was unsupported by evidence. Appellants had ample time to discover any possible bias and disclose the same to the court before the jury retired to deliberate. The witness in question testified third in a series of eight witnesses on the final morning of trial. Testimony concluded shortly after noon, and the jury did not retire until 5:45 p.m. It is suspicious that Appellants failed to communicate the information to their counsel prior to the case being sent to the jury.

Furthermore, Appellants have failed to show they were prejudiced by the district court's decision. Appellants argue on appeal that the

8

district court should have examined the juror to determine whether the juror had a bias or prejudice towards Appellants. Appellants erroneously submit that the district court refused to question the juror during the proceedings in lower court. Appellants made no such request of the court. "Where an attack is made upon the integrity of the trial by reason of alleged misconduct on the part of a juror in failing to disclose information pertinent to the issue of prejudice, the defendant's burden of proof must be sustained not as a matter of speculation, but as a demonstrable reality." United States v. Whiting, 538 F.2d 220, 223 (8th Cir. 1976). Appellants offer nothing more than speculation that the juror was prejudiced. The circumstances relating to the denial of the motion for mistrial are not so extraordinary that we must disturb the district court's ruling.

D.

Appellants next argue that the district court refused to give the defense adequate time to present its case to the jury. The Government contends that the district court simply foreclosed duplicative reexamination of a witness, and therefore committed no error. A defendant is entitled to the opportunity to present competent, relevant evidence on the issues being tried. See United States v. Hamling, 418 U.S. 87, 125 (1974). The district court, however, "retains considerable latitude even with admittedly relevant evidence in rejecting that which is cumulative...." Id. at 127. Thus, evidentiary rulings foreclosing duplicative or cumulative testimony will be disturbed only for abuse of discretion. Id.; see also United States v. Hassan-El, 5 F.3d 726, 731 (4th Cir. 1993) (Reasonable limitations on presentation of evidence permissible.).

The testimony about which Appellants complain relates to serial numbers on "buy money" used by narcotics detectives in controlled buys of marijuana from Jeffrey McClung. Two Government witnesses were thoroughly examined by the Government and cross-examined by counsel for Lois McClung on the issue during the course of the Government's case. Both witnesses testified that the serial numbers on the "buy money" were recorded before each purchase, and one witness testified that only one bill from a controlled buy was located in the safe during the search of the McClung residence.

9

During Appellants' case in chief, counsel for Lois McClung attempted to elicit the same testimony relating to the "buy money" from the same two witnesses. Out of the presence of the jury, counsel was provided an opportunity to explain to the court the theory necessitating repetition of the serial numbers. The court noted the evidence was already before the jury, and declined to permit further examination. Counsel for both the Government and Appellants were cautioned about duplicative testimony and evidence, and the proceedings continued.

Counsel for Lois McClung thoroughly cross-examined the Government witnesses on the "buy money" and the procedures used by the police officers during the controlled buys from Jeffrey McClung. By reiterating the testimony on the serial numbers, counsel sought to establish on direct examination that the single bill from the "buy money" could have been placed in the safe when Jeffrey McClung gave his monthly contribution to the household. The district court noted that the evidence on which counsel relied for the theory was already before the court. Based on the record, we find the district court was well within its discretion to foreclose cumulative testimony relating to the "buy money" serial numbers.

E.

Appellants next submit that the district court erred in crafting an answer to the jury's question regarding whether knowledge only constitutes conspiracy. The necessity, extent, and character of supplemental jury instructions are a matter within the discretion of the district court, United States v. Horton, 921 F.2d 540, 547 (4th Cir. 1990), cert. denied, 501 U.S. 1234 (1991), and we review the district court's decision to give a supplemental instruction and the specific words chosen for abuse of that discretion. United States v. Smith, 62 F.3d 641, 646 (4th Cir. 1995), citing Horton, 921 F.2d at 546. In reviewing the district court's response, we inquire as to whether the instruction responded to the jury's question "fairly and accurately without creating prejudice." Smith, 62 F.3d at 646, citing United States v. United Medical and Surgical Supply Corp. , 989 F.2d 1390, 1407 (4th Cir.1993). An error requires reversal only if it is prejudicial in the context of the record as a whole. United Medical, 989 F.2d at 1407.

10

The jury retired to deliberate at 5:45 p.m. on Saturday, September 27, 1997. During the course of the jury's deliberations, four questions were submitted to the court, the first three of which passed without incident. The fourth question submitted by the jury posed the question, "Does knowledge constitute conspiracy?". Appellants' counsel, based on their interpretation of the jury's question, recommended a one word reply - "no". The Government suggested repeating the portion of the charge that set forth the elements of conspiracy. The district court declined to simply answer "no" because it was not a proper statement of the law. Instead, the court answered the question by repeating the elements of conspiracy. In writing the court responded, "Conspiracy requires proof beyond a reasonable doubt after consideration of all the evidence of two elements as follows: First, that the conspiracy described in the indictment was willfully formed and was existing at or about the time alleged. Second, that the accused knowingly became a member of a conspiracy."

Counsel for Lois McClung agreed with the answer provided to the jury, while counsel for Stephanie McClung did not agree. When a party fails to note an objection to a ruling at trial, appellate review of the issue is forfeited. See United States v. Maxton, 940 F.2d 103, 105 (4th Cir.), cert. denied, 502 U.S. 949 (1991). Regardless, we are of the opinion that the district court fairly and accurately responded to the jury's question by providing the jury with the elements of conspiracy. The instruction was a correct statement of the law, and the district court did not abuse its discretion either in giving the supplemental instruction or in the wording of the instruction.

F.

Appellant's final assignment of error rests with interaction and conversation between the bailiff and the jury which"violat[ed] the sanctity of the jury." Nothing in the record documents that such interaction ever occurred, nor does Appellants' argument constitute anything more than a vague, unsupported allegation. Appellants failed to either make an objection or bring the alleged interaction to the attention of the district court. We find Appellants' argument completely lacking in merit.

11

III.

For the reasons stated herein, we AFFIRM the judgment of the district court.

AFFIRMED

12