**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 98-4587

JEFFREY PRESTON MCCLUNG,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Harrisonburg.
James H. Michael, Jr., Senior District Judge.
(CR-97-31)

Submitted: March 23, 1999

Decided: August 20, 1999

Before WILKINS, NIEMEYER, and HAMILTON,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Dabney Overton, Jr., Harrisonburg, Virginia, for Appellant. Robert P.
Crouch, Jr., United States Attorney, Ray B. Fitzgerald, Jr., Assistant
United States Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant Jeffrey Preston McClung appeals from his conviction for distribution of marijuana in violation of 21 U.S.C.§ 841(a)(1) (1994), conspiracy to distribute marijuana in violation of 21 U.S.C. § 841, two counts of carrying a firearm in violation of 18 U.S.C.A. § 924(c) (West 1994 & Supp. 1998), and money laundering in violation of 18 U.S.C. § 1957 (1994). McClung alleges that the trial court made several errors. Finding no error, we affirm.

On April 23, 1997, the Grand Jury returned a multiple count indictment charging McClung, his mother, sister, and others with crimes relating to the distribution of marijuana, money laundering, and criminal forfeiture. During the period of the alleged drug activity, McClung, his mother, and sisters resided in the family home. The charges resulted in part from the execution of a search warrant at the McClung residence on September 14, 1995. Pursuant to the warrant, police officers searched the residence for drugs, drug paraphernalia, and documents or anything related to the distribution of controlled substances.

Among the items recovered during the search were marijuana and marijuana stems, marijuana smoking devices, a triple beam scale, and approximately seventy-four firearms. A combination safe located in the basement of the house held white containers with red tops. Each of the containers held psilocybin mushrooms, United States currency, or additional marijuana smoking pipes. Marijuana buds and a jar of coins were also found in the safe. The police officers seized approximately $820 in United States currency and an envelope marked "Stephanie" containing another $600 from a nightstand in one of the upstairs bedrooms.

McClung assigns error to five district court actions: (1) the denial of his motion to dismiss the indictments based upon an alleged agreement with the Government; (2) the denial of a post-verdict motion for a mistrial due to alleged juror misconduct; (3) allowing evidence and testimony obtained from witnesses to whom the Government offered something of value; (4) the refusal to allow testimony of a witness

2

called by the defense; and (5) the crafting of an answer to a question by the jury.

McClung first alleges that the district court erred by denying his motion to dismiss the federal indictment against him on the ground that the Government violated his due process rights by indicting him after promising not to prosecute him on federal charges if he cooperated with a state drug task force investigation. A district court's finding as to whether the government reached an agreement with the defendant not to prosecute him in exchange for his cooperation is reviewed for clear error. See United States v. McHan, 101 F.3d 1027, 1034 (4th Cir. 1996), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3826 (U.S. Jun. 16, 1997) (No. 96-8994).

The district court held an evidentiary hearing to determine if an agreement existed between the parties. The evidence at the hearing showed that a Harrisonburg, Virginia, Assistant Commonwealth's Attorney, Marsha Lee Garst; McClung's attorney, Dabney Overton; and an Assistant United States Attorney, Ray Fitzgerald, met in early 1996 to discuss McClung's cooperation with the RUSH Drug Task Force and federal law enforcement. At the hearing, Garst testified that her recollection of the meeting was that McClung agreed to "cooperate in order for the federal charges to be held off," and that federal charges would not be brought if McClung fully cooperated. McClung relies upon this alleged verbal agreement as evidence that the Government agreed not to prosecute him on federal charges.

On February 12, 1996, McClung, Overton, and Fitzgerald signed a proffer letter granting limited use immunity and excluding other forms of immunity. The proffer letter also states that "this agreement constitutes the full and complete understanding among the parties and there shall be no modification unless in writing and signed by all the parties." (J.A. 708). Contrary to McClung's argument that this is not a contracts issue, this court has held that alleged agreements to exchange cooperation for transactional immunity are governed by traditional principles of contract law. See McHan , 101 F.3d at 1034. The defendant has the burden of demonstrating that a meeting of the minds occurred between the government and the defendant to refrain from prosecution. Id. The terms of the proffer letter are patently inconsistent with an extrinsic, oral agreement not to prosecute.

3

Garst's testimony as to the meeting that came before the proffer letter was signed by the parties is not sufficient to overcome the terms of the proffer letter.* We therefore find that the district court did not clearly err in finding that an extrinsic oral agreement not to prosecute McClung on federal charges did not exist.

McClung assigns error to the district court's denial of a post-verdict motion for a mistrial based on an alleged undisclosed, indirect relationship between a juror and a defense witness. We review the district court's denial of a motion for a mistrial for abuse of discretion. See United States v. Dorlouis, 107 F.3d 248, 257 (4th Cir.) (denial of motion for mistrial "will be disturbed only under the most extraordinary of circumstances"), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3861 (U.S. Jun. 27, 1997) (No. 96-9103). In order to demonstrate an abuse of discretion, the defendants must show prejudice. See United States v. West, 877 F.2d 281, 288 (4th Cir. 1989).

McClung contends that one of the jurors failed to disclose an indirect relationship with a defense witness, Mark Semones ("Semones"), during voir dire. The record does not establish when McClung's counsel first learned of the alleged relationship, and McClung did not offer any evidence regarding the relationship in the district court. Semones testified third in a series of eight witnesses on Saturday, September 27, 1997. All of the testimony was completed by 12:15 p.m., and the jury retired to deliberate at 5:45 p.m.

On Monday morning, a conference was held in chambers to discuss the proposed charge for the forfeiture deliberations. Juror truthfulness in response to voir dire questions was not discussed or even mentioned. Later the same day while deliberating the forfeiture issue, the jury requested a dictionary. A second conference was held to discuss the jury's request. During the conference, the district court informed counsel that the jury had expressed concern about retribution. The court's comment prompted counsel for Jeffrey McClung to state, "we have a juror on there where we didn't discover until over the weekend

_____

*Garst also testified at the hearing that, to her knowledge, although McClung cooperated with the task force, his cooperation did not lead to any arrests, search warrants, prosecutions, or any other enforcement action.

4

who did not respond truthfully to the questions you asked him about knowing the parties." Defendants then moved for a mistrial.

Counsel offered a confusing rendition of the alleged relationship between the juror and the witness, never establishing precisely what the relationship was. The district court overruled McClung's motion based on its suspicion of the timing in which the motion was made, and the fact that the information related to the court came from individuals with an obvious bias or prejudice. McClung failed to note an objection to the district court's ruling.

Where juror bias is timely reported to the court before the jury has retired to deliberate, the court has the opportunity to take the appropriate action, such as seating an alternate juror. See United States v. Hayden, 85 F.3d 153, 157 (4th Cir. 1996). In this case, the district court was faced with a belated revelation of possible juror bias which was unsupported by evidence. McClung had ample time to discover any possible bias and disclose the same to the court before the jury retired to deliberate. The witness in question testified third in a series of eight witnesses on the final morning of trial. Testimony concluded shortly after noon, and the jury did not retire until 5:45 p.m. It is suspicious that McClung and his co-defendants failed to communicate the information to their counsel prior to sending the case to the jury.

Furthermore, McClung has failed to show they were prejudiced by the district court's decision. McClung argues on appeal that the district court should have examined the juror to determine whether the juror had a bias or prejudice towards the Defendants. McClung erroneously submits that the district court refused to question the juror during the proceedings in lower court. McClung made no such request of the court. "Where an attack is made upon the integrity of the trial by reason of alleged misconduct on the part of a juror in failing to disclose information pertinent to the issue of prejudice, the defendant's burden of proof must be sustained not as a matter of speculation, but as a demonstrable reality." United States v. Whiting, 538 F.2d 220, 223 (8th Cir. 1976). McClung offers nothing more than speculation that the juror was prejudiced. The circumstances relating to the denial of the motion for mistrial are not so extraordinary that we must disturb the district court's ruling.

5

Next, McClung briefly argues that the Government violated 18 U.S.C.A. § 201(c)(2) (West Supp. 1998), which prohibits offers or promises of anything of value to witnesses "for or because of" their testimony. McClung argues that the district court should not have overruled his motion to suppress evidence resulting from a search pursuant to a warrant. The police paid a fee to an informant who provided information leading to the successful search warrant for the McClung's residence. McClung also contends that the district court erred in allowing the trial testimony of two witnesses to whom, McClung insists, the Government gave, offered, or promised to give something of value in exchange for truthful testimony. McClung alleges that in exchange for their testimony against him, James Randy Gragg and Robert Glover received lenient and favorable treatment from the Government. McClung alleges that both Glover and Gragg had "been in trouble because of drug offenses." At trial, Glover testified that a local sheriff's office found him to possess an eighth of an ounce of marijuana, and that he agreed to cooperate in the case against McClung. He stated that charges against him were "non-processed." Gragg testified that he pled guilty to the conspiracy at issue in the McClungs' case.

McClung did not object to this alleged error at trial; therefore, it is evaluated under the plain error standard. See Fed. R. Crim. P. 52(b). The plain error standard requires proof that there is an error that is clear and obvious under existing law. See United States v. Castner, 50 F.3d 1267, 1277-78 (4th Cir. 1995). McClung relies only upon a panel decision of the Tenth Circuit, which was recently rejected and vacated en banc in United States v. Singleton , 165 F.3d 1297 (10th Cir. 1999), to support his claim of error. There is no valid precedent in this or any circuit court to uphold this argument, and a number of circuits have rejected it. See United States v. Lowery, 166 F.3d 1119 (11th Cir. 1999); United States v. Ramsey, 165 F.3d 980 (D.C. Cir. 1999); United States v. Haese, 162 F.3d 359 (5th Cir. 1998); United States v. Ware, 161 F.3d 414 (6th Cir. 1998). If there was an error, it is not plain and obvious under existing law because no Supreme Court or circuit court opinion stands to support that position. Therefore, McClung is not entitled to relief on this claim.

McClung next argues that the district court refused to give the defense adequate time to present its case to the jury. The Government

contends that the district court simply foreclosed duplicative reexamination of a witness, and therefore committed no error. A defendant is entitled to the opportunity to present competent, relevant evidence on the issues being tried. See United States v. Hamling, 418 U.S. 87, 125 (1974). The district court, however, "retains considerable latitude even with admittedly relevant evidence in rejecting that which is cumulative . . . ." Id. at 127. Thus, evidentiary rulings foreclosing duplicative or cumulative testimony will be disturbed only for abuse of discretion. See id.; see also United States v. Hassan-El, 5 F.3d 726, 731 (4th Cir. 1993) (reasonable limitations on presentation of evidence permissible).

The testimony about which McClung complains relates to serial numbers on "buy money" used by narcotics detectives in controlled buys of marijuana from him. Two Government witnesses were thoroughly examined by the Government and cross-examined by counsel for Lois McClung on the issue during the course of the Government's case. Both witnesses testified that the serial numbers on the "buy money" were recorded before each purchase, and one witness testified that only one bill from a controlled buy was located in the safe during the search of the McClung residence.

During the McClung's case in chief, counsel for Lois McClung attempted to elicit the same testimony relating to the "buy money" from the same two witnesses. Out of the presence of the jury, counsel was provided an opportunity to explain to the court the theory necessitating repetition of the serial numbers. The court noted the evidence was already before the jury, and declined to permit further examination. Counsel for both the Government and Defendants were cautioned about duplicative testimony and evidence, and the proceedings continued.

Counsel for Lois McClung thoroughly cross-examined the Government witnesses on the "buy money" and the procedures used by the police officers during the controlled buys from Jeffrey McClung. By reiterating the testimony on the serial numbers, counsel sought to establish on direct examination that the single bill from the "buy money" could have been placed in the safe when Jeffrey McClung gave his monthly contribution to the household. The district court noted that the evidence on which counsel relied for the theory was

7

already before the court. Based on the record, we find the district court was well within its discretion to foreclose cumulative testimony relating to the "buy money" serial numbers.

McClung next submits that the district court erred in crafting an answer to the jury's question regarding whether knowledge alone is sufficient to constitute conspiracy. The necessity, extent, and character of supplemental jury instructions are a matter within the discretion of the district court, United States v. Horton , 921 F.2d 540, 547 (4th Cir. 1990), and we review the district court's decision to give a supplemental instruction and the specific words chosen for abuse of that discretion. See United States v. Smith, 62 F.3d 641, 646 (4th Cir. 1995), citing Horton, 921 F.2d at 546. In reviewing the district court's response, we inquire as to whether the instruction responded to the jury's question "fairly and accurately without creating prejudice." Smith, 62 F.3d at 646, citing United States v. United Med. & Surgical Supply Corp., 989 F.2d 1390, 1407 (4th Cir. 1993). An error requires reversal only if it is prejudicial in the context of the record as a whole. See United Med., 989 F.2d at 1407.

The jury retired to deliberate at 5:45 p.m. on Saturday, September 27, 1997. During the course of the jury's deliberations, four questions were submitted to the court, the first three of which passed without incident. The fourth question submitted by the jury posed the question, "Does knowledge constitute conspiracy?" Defense counsel, based on their interpretation of the jury's question, recommended a one word reply - "no." The Government suggested repeating the portion of the charge that set forth the elements of conspiracy. The district court declined to simply answer "no" because it was not a proper statement of the law. Instead, the court answered the question by repeating the elements of conspiracy. In writing the court responded, "[c]onspiracy requires proof beyond a reasonable doubt after consideration of all the evidence of two elements as follows: First, that the conspiracy described in the indictment was willfully formed and was existing at or about the time alleged. Second, that the accused knowingly became a member of a conspiracy."

McClung agreed with the answer provided to the jury. When a party fails to note an objection to a ruling at trial, appellate review of the issue is forfeited. See United States v. Maxton, 940 F.2d 103, 105

8

(4th Cir. 1991). Regardless, we are of the opinion that the district court fairly and accurately responded to the jury's question by providing the jury with the elements of conspiracy. The instruction was a correct statement of the law, and the district court did not abuse its discretion either in giving the supplemental instruction or in the wording of the instruction.

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED